Argued and submitted August 27, sentences vacated; remanded for resentencing; otherwise affirmed October 22, 2003

STATE OF OREGON,
*Appellant,*

*v.*

KORWIN MICHAEL TALLMAN,
*Respondent.*

CM0120164; A115559

78 P3d 141

Jonathan H. Fussner, Assistant Attorney General, argued the cause for appellant. With him on the brief were Hardy

Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Dan Maloney, Deputy Public Defender, argued the cause for respondent. On the brief were Peter Ozanne, Executive Director, and Kimi Nam, Deputy Public Defender.

Before Landau, Presiding Judge, and Armstrong and Brewer, Judges.

BREWER, J.

**BREWER, J.**

The state appeals from a judgment of conviction and sentence, arguing that the sentence imposed by the trial court for one of defendant's convictions is unlawful. On review for errors of law, ORS 138.222(4)(a), we vacate defendant's sentences and remand the case for resentencing.

Defendant pleaded guilty to criminal mistreatment in the first degree.[1] ORS 163.205. Under the sentencing guidelines grid block applicable to that conviction, the presumptive sentence for defendant's crime was an incarceration term of 19 to 20 months. At the conclusion of the plea hearing, the court took the case under advisement for sentencing purposes.

Several days later, in an e-mail to the prosecutor and defense counsel, the trial court explained that

> "there are substantial and compelling reasons to make a dispositional departure to probation. But in doing so the court also concludes that if the court is going to impose probation there are substantial and compelling reasons to do upward durational departures to *36 months custody time* and a period of five years for the probation on the [criminal mistreatment] charge.
>
> "* * * * *
>
> "The court will impose a period of 5 years supervised probation on the [c]riminal [m]istreatment charge * * *."

(Emphasis added.)

In a return e-mail, the state objected to the court's proposed sentence. Relying on OAR 213-010-0002,[2] the state argued that "the additional prison time the [c]ourt imposed will not be enforceable." Apparently agreeing that a 36-month probation revocation sentence would exceed the

---

[1] Defendant also pleaded guilty to assault in the fourth degree, ORS 163.160. His sentence for that conviction is not at issue in this appeal.

[2] OAR 213-010-0002 pertains to probation revocation "sanctions" and provides, in part, that, "[f]or those offenders whose probationary sentence was * * * a departure from a presumptive prison sentence * * *, the sentence upon revocation shall be a prison term up to the maximum presumptive prison term which could have been imposed initially * * *." OAR 213-010-0002(2).

limitation stated in OAR 213-010-0002(2), defendant's counsel responded that defendant was "prepared to waive any potential error should [his] probation be revoked." The state reiterated its objection, stating that, if the sentence was unauthorized, defendant's waiver might be unenforceable.

At the sentencing hearing, defendant agreed on the record to the trial court's stated intent to impose a 36-month prison sentence if defendant violated probation. Also at the hearing, the court expressly adopted the departure findings made in its July 6, 2001, e-mail.

As pertinent here, the written judgment of conviction and sentence notes the existence of mitigating circumstances justifying a downward dispositional departure to probation and aggravating circumstances justifying an upward durational departure "on the amount of probation * * * time *and the amount of prison time that will be imposed if the probation is violated.*" (Emphasis added.) In addition, among other findings, the judgment sets out "[t]he factors supporting *the upward departure to a greater prison term* upon revocation of the probation [sentence]." (Emphasis added.) The judgment recites, "The Court will impose a 5 year probation term (upward from 3 years presumptive) * * *." It also recites that, "[i]f the court revokes the defendant's probation and imposes the prison sentence * * *," the court will not allow defendant to be considered for early release or other programs until he has served at least 21 months. *See* ORS 137.750. Finally, as pertinent here, the judgment contains a checked box indicating, "Imposition of sentence is suspended and * * * [d]efendant shall be placed on probation for 60 months" under the supervision of the county supervisory authority.

The state appeals, arguing that defendant's sentence is flawed because, notwithstanding defendant's purported waiver of objection to a probation revocation sentence of 36 months, under OAR 213-010-0002(2), his incarceration sentence upon revocation of probation cannot exceed the maximum presumptive prison term that initially could have been imposed—in this case, 20 months. The state also asserts that the trial court either unlawfully suspended imposition of, or unlawfully imposed and then suspended execution of,

the prison term, in violation of ORS 137.010(3) and (4).[3] The state argues that the resulting invalidity of the sentence is apparent on the face of the judgment in three respects: because the judgment purports to suspend imposition (or, perhaps, execution) of a sentence; because it purports to impose both a downward dispositional departure and an upward durational departure on the same conviction; and because it recites that, upon revocation, defendant may not be considered for sentence reductions (as provided in ORS 137.750) until defendant has served at least 21 months, which itself exceeds the incarceration term to which defendant lawfully can be sentenced upon revocation. Alternatively, the state argues that the judgment is ambiguous. In either instance, the state urges this court to look behind the judgment and determine that the court "intended to impose a 36-month prison sentence and hold it in reserve," that is, in effect, suspend its execution. Finally, the state argues that this court should correct the judgment despite the possibility that defendant's probation might never be revoked and the possibility that, if it is revoked, the trial court might decide not to sentence him to 36 months. According to the state, "[s]entencing judges should not operate under misconceptions about what sort of sanctions are available if defendants who are sentenced to probation violate probation."

Defendant responds that, on its face, the judgment imposes nothing more than a valid dispositional departure sentence of probation and that, conversely, it does not impose, then suspend execution of, a 36-month incarceration term. Defendant acknowledges that the judgment refers to "an upward departure to a greater prison term" and that, in the context of the recitation of the court's intentions regarding eligibility for sentence reductions under ORS 137.750, it

---

[3] ORS 137.010 provides, in part:

"(3) *Except when a person is convicted of a felony committed on or after November 1, 1989,* * * * the court may suspend the imposition or execution of any part of a sentence * * *.

"(4) If the court suspends the imposition or execution of a part of a sentence for an offense *other than a felony committed on or after November 1, 1989,* the court may also impose and execute a sentence of probation * * *."

(Emphasis added.) The parties do not dispute that defendant committed his felony crimes on or after November 1, 1989.

refers to a 21-month prison term. He asserts, however, that those references represent only the court's intention that such a prison term "hang[ ] over" him as, in effect, an incentive to comply with the probationary term actually imposed. Defendant asserts that, consistently with that interpretation of the judgment, and in light of the uncertainty as to what sentence the court will actually impose if defendant's probation is revoked, the state's challenge to the judgment is not justiciable.

■     As noted, we review defendant's sentence for errors of law. We first consider whether the state's claim of error is justiciable—as pertinent here, whether it is "ripe" for judicial determination. *See League of Oregon Cities v. State of Oregon*, 334 Or 645, 663, 56 P3d 892 (2002). In order for a claimed error to be justiciable in that regard, the controversy must involve present facts as opposed to a dispute which is based on future events of a hypothetical nature. *Id.* (citing *Brown v. Oregon State Bar*, 293 Or 446, 449, 648 P2d 1289 (1982)).

■     We agree with defendant that, at this time, the issue whether a 36-month probation revocation sentence is unlawful by reason of exceeding the durational limitations for such sentences, as established in OAR 213-010-0002(2), is not ripe. Defendant's probation has not been revoked, and we cannot be certain that, if it is revoked, the trial court will impose a 36-month incarceration term. That issue will not become ripe unless those hypothetical future events in fact occur.[4]

---

[4] Our determination in that regard encompasses the state's argument that the trial court erred in imposing both a downward dispositional departure and an upward durational departure. In the absence of further development of that argument, we understand the "durational" portion of it to pertain to the length of the potential incarceration term, not to the length of the probationary term. *But see* OAR 213-005-0008 (setting out "presumptive duration" of probationary terms according to crime seriousness category of offense); OAR 213-005-0009 (providing in part that, if court imposes a probationary sentence as a dispositional departure sentence, the duration shall be as provided in OAR 213-005-0009).

It also encompasses the state's other argument relating to the length of the incarceration term to be imposed upon revocation of defendant's probation, namely, its argument that the judgment is invalid on its face by reason of referring to the court's intention, if defendant's probation is revoked, to preclude him from eligibility for sentence reductions under ORS 137.750 until he has served at least 21 months in prison.

Nevertheless, the state also challenges the lawfulness of defendant's sentence in at least one other respect, based on the manner in which the judgment presently is written. As will be apparent from our discussion, that challenge is ripe. We turn to its merits.

■ As noted, the state argues in part that, by use of a checked box, the trial court erroneously imposed, then suspended execution of, the 36-month incarceration term. We do not read that portion of the judgment in precisely that manner. Rather, the "checked box" provision appears to reflect the trial court's intention to suspend *imposition* of sentence. However, the judgment also clearly imposes a five-year term of probation. Probation is a sentence. OAR 213-005-0007; OAR 213-005-0009; *see also, e.g., State v. Zimmerman,* 166 Or App 635, 999 P2d 547 (2000). Thus, the judgment arguably both imposes a sentence and suspends imposition of sentence. That internal inconsistency constitutes error on the face of the judgment.

Alternatively, the checked box provision may reflect the trial court's intention to indicate that, because the court was imposing a sentence of probation, it was suspending imposition of an incarceration sentence.[5] That also would be error. As the state correctly points out, under ORS 137.010(3) and (4), the trial court lacked authority to suspend either imposition or execution of a sentence for a felony committed on or after November 1, 1989.

Finally, by checking the box indicating that the court is suspending imposition of sentence, the court may simply have made a clerical error. Even under that circumstance, however, the effect is an internal inconsistency in the judgment.

In short, whichever of the described alternatives constitutes the correct explanation for, and intended meaning of, the relevant "checked box" provision of the judgment,

---

[5] If that was in fact the court's intent, it may explain the court's apparent disregard of the rule establishing limitations on the length of an incarceration sentence that is imposed upon revocation of probation, as opposed to an incarceration sentence imposed initially.

the result is a judgment that is internally inconsistent on its face. It follows that, to the same extent, it is invalid.

Sentences vacated; case remanded for resentencing; otherwise affirmed.