Argued and submitted April 19, petition and cross-petition dimissed July 19, 2004

# 1000 FRIENDS OF OREGON,
*Respondent - Cross-Petitioner,*

*v.*

# CLACKAMAS COUNTY,
*Respondent-below,*

*and*

# MOLALLA CHRISTIAN CHURCH,
*Petitioner - Cross-Respondent,*

*and*

# DEPARTMENT OF LAND CONSERVATION
# AND DEVELOPMENT,
*Intervenor.*

2003-129; A123907

94 P3d 160

David J. Hunnicutt argued the cause for petitioner - cross-respondent. On the brief were Oregonians in Action Legal Center and Ross A. Day. On the reply brief were Ross A. Day and David J. Hunnicutt.

Edward J. Sullivan argued the cause and filed the brief for respondent - cross-petitioner. With him on the brief were Carrie A. Richter and Garvey Schubert Barer.

Denise Fjordbeck, Assistant Attorney General, argued the cause and filed the brief for intervenor. With her on the brief were Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Steven E. Shipsey, Assistant Attorney General.

Before Edmonds, Presiding Judge, and Schuman, Judge, and Leeson, Judge pro tempore.

SCHUMAN, J.

**SCHUMAN, J.**

Molalla Christian Church requested the Clackamas County planning department to provide an interpretation of a Clackamas County ordinance that prohibited the construction of churches on land zoned for exclusive farm use and located within three miles of the urban growth boundary. In particular, the church asked whether the ordinance, if applied to a proposed new church, would violate the Religious Land Use and Institutionalized Persons Act (RLUIPA). The Board of County Commissioners, reversing the planning department and a hearing officer, issued an interpretation concluding that the ordinances in conjunction with RLUIPA required "that the proposed church be considered a permitted use on the subject property[.]" 1000 Friends of Oregon appealed to the Land Use Board of Appeals (LUBA), raising six assignments of error. LUBA denied four of them, sustained two, and remanded the case to the county. The church petitions for judicial review and 1000 Friends cross-petitions. We hold that the case does not present a justiciable controversy. We therefore dismiss the petition and the cross-petition.

In 2002, Molalla Christian Church (the church), operating out of a facility within the city limits of Molalla, apparently wanted to build a new facility on a 10.29 acre parcel it owned on land zoned for exclusive farm use (EFU) and located within one mile of the urban growth boundary (UGB). Using a procedure authorized by the county code, the church requested from the county planning department an "interpretation" of law announcing whether county ordinances would permit such a new building.[1] Under local zoning ordinances, in particular Clackamas County Zoning Ordinance (ZDO) 401.04(c)(48), churches are prohibited on parcels zoned EFU that are predominantly composed of high-value farmlands or are within three miles of the UGB. The county ordinance implements a nearly identical state Department of

---

[1] Clackamas County Zoning Ordinance (ZDO) 1305.01(K) provides that the planning director shall "[d]ecide all questions of interpretation or applicability to specific properties of any provision of the Comprehensive Plan[.]" ZDO 1305.03(A) provides that "[t]he Planning Director has the authority to interpret the Comprehensive Plan and this ordinance and their applicability to specific properties[.]"

Land Conservation and Development (DLCD) rule, OAR 660-033-0120. The primary difference between the state and the local rule is that, as we discuss more fully below, under the state rule a church may be able to request an exception pursuant to ORS 197.732 and OAR chapter 660, division 004. OAR 660-033-0130(2). This difference, however, has no practical effect. Under ORS 197.646(3), if a local government does not adopt amendments to conform its land use regulations to state rules, those rules apply directly to the local government's land use decisions; thus, to the extent that an exception process would be available under state law, it would be available to the church if and when the church actually were to apply for a building permit.

The church, however, did not apply for a permit or request an exception; it requested only an interpretation. In doing so, it argued that federal law precluded application of the local ordinances. In particular, the church maintained that RLUIPA, 42 USC § 2000cc, prohibits application of the land use code because doing so both discriminates against the church and imposes an undue burden on it. The planning department director disagreed; he issued an interpretation concluding that the county code prohibits a church on the parcel because it is high-value farmland and within three miles of the UGB. He also addressed the church's arguments under RLUIPA and concluded that the prohibition does not violate the federal statute.

The church appealed the planning director's decision to the county hearing officer, who, after a public hearing, upheld the planning director's decision. The church appealed again, this time to the county commissioners. After another public hearing, the commission concluded that, in light of RLUIPA and the First Amendment to the United States Constitution, a church was a permitted use on the parcel. 1000 Friends then appealed to LUBA, which concluded that the county erred in determining that the application of the zoning ordinances violates RLUIPA. LUBA remanded the case to the county, and the church filed this petition for judicial review. 1000 Friends cross-petitions, arguing that LUBA erred in failing to find that the county erred when it concluded that RLUIPA could apply in this case. 1000 Friends also argued that the final order was unlawful because it

failed to consider an issue that 1000 Friends raised before the county.

■     The church maintains, and 1000 Friends does not dispute, that this court has authority to consider this matter under ORS 197.850(1). That statute purports to allow us to review actions of LUBA issued under ORS 197.830 to 197.845, which, in turn, give LUBA jurisdiction over local government land use decisions. However, regardless of that statute, we have no jurisdiction to review such a decision unless it resolves a justiciable controversy. As we held in *Utsey v. Coos County*, 176 Or App 524, 548, 32 P3d 933 (2001), *rev dismissed*, 335 Or 217 (2003),

> "regardless of what the legislature provides regarding the standing of litigants to obtain judicial relief, the courts *always* must determine that the constitutional require-ments of justiciability are satisfied. Any legislation confer-ring the authority to render an opinion in the absence of a practical effect on the party seeking relief, by definition, amounts to a conferral of authority to render an advisory opinion."

(Emphasis in original.) *Accord Cummings Constr. v. School Dist. No. 9*, 242 Or 106, 109, 408 P2d 80 (1965) (despite stat-ute authorizing declaratory judgments, courts have no juris-diction to adjudicate action requesting interpretation of a statute unless a justiciable controversy between parties exists).

■■     To be justiciable, a "controversy must involve a dis-pute based on present facts rather than on contingent or hypothetical events." *US West Communications, Inc. v. City of Eugene*, 336 Or 181, 191, 81 P3d 702 (2003). Thus, for example, no justiciable controversy existed in a dispute over whether state law would preempt local administrative rules that a city claimed authority to adopt but had not yet adopted. *Id.* at 190-91. Likewise, in *State v. Tallman*, 190 Or App 245, 250, 78 P3d 141 (2003), we held nonjusticiable a controversy over whether a sentence imposed on the defen-dant contingent on the revocation of his probation was unlawful. We stated,

"[A]t this time, the issue whether a 36-month probation revocation sentence is unlawful by reason of exceeding the durational limitations for such sentences, as established in OAR 213-010-0002(2), is not ripe. Defendant's probation has not been revoked, and we cannot be certain that, if it is revoked, the trial court will impose a 36-month incarceration term. That issue will not become ripe unless those hypothetical future events in fact occur."

*Id.* The present case is nonjusticiable for the same reasons. The parties ask us to rule on a question—whether, if the church were to apply for a building permit, ZDO 401.04 would require denial and, if so, whether that denial could survive under RLUIPA—that will arise only *if* the church requests a permit, *and* the county decides that the church neither fits within a permitted use nor qualifies for an exception. None of those events has occurred and, although the first might be highly likely, the second is not. In other words, we are being asked here to issue a purely advisory opinion. The county can do that and so, perhaps, can LUBA. *See Just v. City of Lebanon*, 193 Or App 132, 142, 88 P3d 312 (2004) (justiciability principles described in *Utsey* do not apply to LUBA). We cannot.

In response to our request for supplemental briefing, the church maintains that this analysis is wrong for three reasons.

First, it argues that 1000 Friends never raised the issue below. As we have noted, however, justiciability is a constitutionally imposed jurisdictional requirement to which preservation principles do not apply. *See Coast Range Conifers v. Board of Forestry*, 192 Or App 126, 129, 83 P3d 966 (2004) ("[R]ipeness is an issue that is jurisdictional in nature and may be raised at any time.").

Second, the church argues that our holding in *DLCD v. Yamhill County*, 183 Or App 556, 53 P3d 462 (2002), *rev dismissed,* 336 Or 126 (2003), establishes that the county could not, in fact, grant the church an exception; therefore, the county's decision that its ordinances would prohibit construction of the new facility immediately affects the church's present right. But even if we agreed that the existence of the exception process is a necessary component of our decision—

that is, even if we agreed that the case would be justiciable if there were no exception process and the outcome of the permit application were more or less preordained—we would not necessarily find that *DLCD v. Yamhill County* precluded the church from obtaining an exception. In that case, we held only that, when a land use law provides that a particular use *is permitted* under specified circumstances, the rule establishing the exception process is not available to obtain a permit for that use under different circumstances. *Id.* at 562. Here, land use law—in particular, ORS 215.283(1)(b), as implemented by OAR 660-033-120(2) and OAR 660-033-130(2)—*prohibits* siting a church within three miles of a UGB unless an exception is approved, and it also prohibits churches on high-value farmland regardless of proximity to the UGB. Without prejudging an issue that is not before us, we conclude only that *DLCD v. Yamhill County* arguably would not apply and the church arguably could seek an exception.

Finally, the church contends that holding the case nonjusticiable will serve no policy and will only force the church to go through the motions of applying for a permit when doing so is futile. We do not agree that the application will necessarily be futile, given the possibility that an exception may be available. But even if we did, until the people amend the Oregon Constitution, we are not free to render an advisory opinion, no matter how sensible or convenient it might be to do so.

Petition and cross-petition dismissed.