On supplemental briefing regarding request of petitioner Coalition for Health Options in Central Eugene-Springfield to submit affidavits to demonstrate constitutional standing, request to submit affidavits granted September 1, 2004

**FRIENDS OF EUGENE**
**and Coalition for Health Options**
**in Central Eugene-Springfield,**
*Petitioners,*

*v.*

**CITY OF EUGENE**
**and PeaceHealth,**
*Respondents.*

**2003-188; A124714**

96 P3d 1256

Jannett Wilson argued the cause and filed the briefs for petitioners.

Emily N. Jerome argued the cause for respondent City of Eugene. With her on the briefs was Harrang Long Gary Rudnick, P.C.

Steven L. Pfeiffer, Steven P. Hultberg, and Perkins Coie LLP, filed the briefs for respondent PeaceHealth.

Before Brewer, Presiding Judge, and Deits, Chief Judge, and Leeson, Judge pro tempore.

DEITS, C. J.

**DEITS, C. J.**

Petitioners Coalition for Health Options in Central Eugene-Springfield (CHOICES) and Friends of Eugene seek judicial review of an order of the Land Use Board of Appeals (LUBA) in which LUBA affirmed the city's amendment of its zoning code that "makes it easier to site hospitals in certain residential and industrial zones." *Friends of Eugene v. City of Eugene*, 46 Or LUBA 721, 722 (2004). In its answering brief, respondent the City of Eugene (city) moved to dismiss this judicial review on the ground that petitioners have not demonstrated that they have standing. Specifically, the city asserted that CHOICES lacks constitutional standing to seek judicial review and that Friends of Eugene lacks statutory standing. With regard to CHOICES, the city and respondent PeaceHealth asserted in their answering briefs that CHOICES had not demonstrated that a decision in this case would have a practical effect on it as an organization or on any of its members. Further, they contended that general statements in CHOICES's opening brief before this court, which indicate that a decision would have a practical effect on CHOICES's members, are not evidence that demonstrates constitutional standing.

At oral argument, CHOICES requested that it be allowed to submit affidavits to this court that would demonstrate its constitutional standing. We gave the parties the opportunity to file supplemental briefing on the issue whether a petitioner may submit evidence concerning its constitutional standing for the first time on judicial review. This opinion addresses only that issue. For the reasons that we will explain, we grant CHOICES's request to submit information to this court to demonstrate its constitutional standing.

■ CHOICES has statutory standing to seek judicial review because it was a party before LUBA. *See* ORS 197.850(1) ("Any party to a proceeding before the Land Use Board of Appeals under ORS 197.830 to 197.845 may seek judicial review of a final order issued in those proceedings."); OAR 661-010-0010(11) (providing that, generally, a party to an appeal to LUBA is "the petitioner, the governing body,

and any person who intervenes as provided in OAR 661-010-0050"). Even if a party has statutory standing, "the courts *always* must determine that the constitutional requirements of justiciability are satisfied." *Utsey v. Coos County*, 176 Or App 524, 548, 32 P3d 933 (2001), *rev dismissed*, 335 Or 217 (2003) (emphasis in original).

■ The parties agree that CHOICES must demonstrate that a decision would have a practical effect on it because it is invoking the jurisdiction of the court—that is, the parties agree that CHOICES must demonstrate that it has constitutional standing. *See Just v. City of Lebanon (A122517)*, 193 Or App 132, 147, 88 P3d 312, *rev allowed*, 337 Or 247 (2004); *Utsey*, 176 Or App at 543. Thus, the only issue is when that demonstration must be made.

In the supplemental briefing, petitioners assert that, because LUBA is an administrative agency and a petitioner must demonstrate constitutional standing only when it invokes the judicial power of this court, "sound principles of judicial review would allow supplementation of the record to the extent necessary to allow this court to determine whether it has the constitutional authority to accept an appeal from the Land Use Board of Appeals." Further, petitioners assert that the submission of affidavits is the appropriate method to provide evidence to this court about jurisdictional issues and that, if the opposing party challenges the evidence, this court has both statutory authority under ORS 1.160 and inherent authority to conduct an evidentiary hearing concerning jurisdictional issues.

The city and PeaceHealth disagree. The city "does not dispute this Court's authority to accept new evidence when jurisprudential considerations dictate"; however, the city contends that "neither the Court's precedent nor jurisprudential considerations support the Court's acceptance of new evidence in this case." The city summarizes its position as follows:

> "Since *Utsey* was decided, this Court has considered several appeals from LUBA in which a respondent argued that the record did not support the standing of the petitioner. In the first such case to follow *Utsey*, the Court allowed the petitioner to supplement the record with an affidavit to

address the practical effect requirement. *Doty v. Coos County*, 185 Or App 233[, 59 P3d 50 (2002), *adh'd to on recons*, 186 Or App 580, 64 P3d 1150 (2003)]. In *Doty*['s] December 4, 2002[,] decision, however, the Court announced that, in the future, parties should make such a demonstration before the initial decision-maker. *Id.* at 235 n 1."[1]

Unlike the city, PeaceHealth disputes our authority to accept evidence demonstrating a petitioner's standing for the first time on judicial review. According to PeaceHealth, ORS 197.850(8) provides that this court's review "shall be confined to the record" and that our determination whether a petitioner has standing is one aspect of our review of LUBA's order. For that reason, PeaceHealth asserts that ORS 197.850(8) prohibits us from accepting and examining evidence that is not in the record. Even though PeaceHealth acknowledges that constitutional standing was not an issue before the city or LUBA, it asserts that

"petitioner was aware that review before LUBA and this Court is confined to the record. Consequently, petitioner should have submitted evidence in the record during the local proceeding to establish standing. Petitioner failed to do so and now wants a second bite at the apple. Contrary to petitioner's argument, the simple requirement that a petitioner supply some evidence during the local proceeding explaining how the decision may affect the petitioner is hardly burdensome. If petitioner was able to secure affidavits for submission to this Court, it is unclear why the submission of such evidence would be burdensome at the local level."

Finally, the city and PeaceHealth assert that this court should not allow a petitioner to submit affidavits on review to demonstrate its constitutional standing because, as a practical matter, if the evidence is disputed, the parties

---

[1] The city also asserts that, since *Doty*, "this Court has never again reopened a LUBA record to allow a petitioner to address the practical effect requirement." Because our published opinions and the parties' briefing may not always indicate whether a petitioner was allowed to demonstrate constitutional standing for the first time on judicial review, we recognize that it would be difficult for litigants and attorneys to determine the court's policy by examining those sources. For that reason, and to ensure consistency in our resolution of cases, we take the opportunity in this case explicitly to articulate the policy that the court will follow in the future.

may be required to develop a factual record and the court may be required to remand the case to the factfinder or to appoint a special master to take evidence. They point out that the consequences of such procedures will be to tax judicial resources and to delay the resolution of land use cases in violation of the legislature's determination that such cases should be decided quickly.[2]

In *Doty v. Coos County*, 185 Or App 233, 235 n 1, 59 P3d 50 (2002), *adh'd to on recons*, 186 Or App 580, 64 P3d 1150 (2003), we indicated our preference for the parties to demonstrate constitutional standing before the initial decision-maker. After oral argument in that case, "we requested that the parties demonstrate that this controversy is justiciable." *Id.* In response to our specific request that the petitioner demonstrate that she had standing under the standard explained in *Utsey*, the petitioner submitted an affidavit demonstrating that the decision would have a practical effect on her interests. We noted that, "although petitioner was given an opportunity on review to demonstrate her standing, parties should make such a demonstration before the initial decision-maker." *Id.* That requirement, as PeaceHealth correctly asserts, "is hardly burdensome." Further, as we indicated in *Milne v. City of Canby*, 195 Or App 1, 5 n 1, 96 P3d 1267 (2004), a demonstration of constitutional standing before the initial decision-maker promotes the legislature's policy that land use cases be resolved in a timely manner.

PeaceHealth asserts, however, that a petitioner *must* demonstrate his or her constitutional standing during the local proceeding because our determination whether a petitioner has standing is one aspect of our review of LUBA's order and that review is limited to the record under ORS 197.850(8). In other words, PeaceHealth contends that the preference that we articulated in *Doty* is actually a legal rule required by ORS 197.850(8). For the reasons that we will explain, we disagree.

---

[2] *See, e.g.*, ORS 197.850(10) ("The Court of Appeals shall issue a final order on the petition for judicial review with the greatest possible expediency."); ORS 197.855(1) (providing that, generally, "[t]he Court of Appeals shall issue a final order on a petition for review filed under ORS 197.850 within 91 days after oral argument on the petition").

ORS 197.835(1) provides, in part, that LUBA "shall review the land use decision or limited land use decision and prepare a final order affirming, reversing or remanding the land use decision or limited land use decision." We recently held that, "because LUBA is not a court in which the constitution vests judicial power, the justiciability principles described in *Utsey* that circumscribe the exercise of judicial power do not apply to LUBA." *Just*, 193 Or App at 142. Consistently with that understanding, LUBA has refused to take additional evidence demonstrating constitutional standing and, in fact, has stricken such evidence from the parties' petitions.

As an example, in *Friends of Yamhill County v. Yamhill County*, 41 Or LUBA 247, 250 (2002), the petitioner sought to introduce affidavits from its members that would demonstrate its constitutional standing. LUBA denied the petitioners' motion to take additional evidence, reasoning:

"OAR 661-010-0045(1) provides that the Board may take evidence not in the record to resolve disputed factual allegations regarding standing. OAR 661-010-0045(2)(a) provides:

" 'A motion to take evidence shall contain a statement explaining with particularity what facts the moving party seeks to establish, how those facts pertain to the grounds to take evidence specified in section (1) of this rule, and *how those facts will affect the outcome of the review proceeding.*' (Emphasis added.)

"Petitioner asserts that the proffered affidavits will affect the outcome of this proceeding by 'establishing petitioner's standing and allowing [the] Board to complete the review process begun by the filing of the petition for review.' As previously discussed, however, petitioner has standing to pursue this appeal pursuant to ORS 197.830 without resort to the disputed affidavits.

"The present case is readily distinguishable from the case cited by petitioner in support of its motion, *Wilbur Residents v. Douglas County*, 34 Or LUBA 634, *aff'd* 156 Or App 518, 972 P2d 1229 (1998), *rev den* 328 Or 293 (1999). In *Wilbur Residents*, the relevant legal question was whether the petitioners were 'adversely affected' and entitled to standing under ORS 197.830(3). That question could not be

resolved without taking additional evidence. In the present case, petitioner has standing to bring this appeal to LUBA under ORS 197.830(2), and accepting or rejecting the affidavits will not affect the outcome of this proceeding. Therefore, petitioner's motion to take evidence is denied."

*Friends of Yamhill County*, 41 Or LUBA at 251 (some citations and footnote omitted).

■ More recently, LUBA granted a motion to strike evidence of constitutional standing in a party's petition for review to LUBA because it was not part of the record or subject to official notice. *1000 Friends of Oregon v. Clackamas County*, 46 Or LUBA 375 (2004), *petition and cross-petition dismissed*, 194 Or App 212, 94 P3d 160 (2004). In that case, LUBA explained:

> "Intervenor-respondent (intervenor) moves to strike Appendix D and E to the petition for review, on the grounds that the affidavits included in those appendices are neither in the record, nor subject to official notice. Appendix D is an affidavit from petitioner's executive director, in which he avers in relevant part that petitioner's members live and work in Clackamas County, that those members have an interest in maintaining and enforcing the statewide planning goals in the county, and that one member lives on and owns agricultural property within sight and sound of the subject property. Appendix E is an affidavit from that member, stating in relevant part that he is adversely affected by the proposed church, that he appeared during the proceedings below, but that he chose to allow petitioner to represent his interests before LUBA rather than file his own appeal.

> "* * * * *

> "On the merits, petitioner argues that the challenged affidavits are necessary to establish that petitioner and at least some of the members it represents are affected by the county's decision and thus have standing to invoke the Court of Appeals' jurisdiction, as required by *Utsey* * * *. Petitioner argues that it is entitled to file the affidavits pursuant to OAR 661-010-0030(4), which requires that the petition for review 'state the facts that establish petitioner's standing.'

> "As we explained in *Friends of Yamhill County* * * * and a number of other cases, standing before LUBA is not governed by *Utsey*. As relevant here, a petitioner has standing before LUBA if the petitioner appeared before the local government. ORS 197.830(2)(b). There is no dispute that petitioner in this case appeared before the county. Therefore, the challenged affidavits are unnecessary for the purposes of ORS 197.830(2)(b) and OAR 661-010-0030(4). With exceptions not applicable here, LUBA's review is confined to the local record. ORS 197.835(2)(a). Petitioner does not move to take evidence outside the record, under ORS 197.835(2)(b) and OAR 661-010-0045. Under our rules such a request must be accompanied by a statement explaining how the proffered facts 'will affect the outcome of the review proceeding.' OAR 661-010-0045(2)(a). As we suggested in *Friends of Yamhill County*, OAR 661-010-0045 does not allow LUBA to consider an affidavit to establish standing under *Utsey* when standing before LUBA is not at issue because such an affidavit cannot 'affect the outcome' of LUBA's review."

*1000 Friends of Oregon*, 46 Or LUBA at 379-80. We agree with LUBA that the statutes and rules governing its authority to take additional evidence that is not in the record do not allow it to take evidence concerning constitutional standing because such evidence will not affect the outcome of LUBA's review.

■ ■   As we have explained, LUBA may exercise its authority without a demonstration of constitutional standing. In contrast, however, we may not exercise our judicial power if a petitioner lacks constitutional standing. Thus, the need to demonstrate constitutional standing arises for the first time on judicial review when a petitioner seeks to invoke the jurisdiction of this court. Our determination of whether a petitioner has constitutional standing is a jurisdictional issue that we must decide before turning to the review of the order itself. In other words, whether this court has authority to review LUBA's order is an issue that is separate and distinct from our actual review of the order. For that reason, ORS 197.850(8), which provides that judicial review of LUBA's order "shall be confined to the record," does not prohibit this court from accepting evidence that demonstrates a petitioner's constitutional standing. Consequently, we will

accept, for the first time on judicial review, evidence demonstrating that a petitioner has constitutional standing.

We recognize that this holding may have serious consequences because, if a respondent disputes the evidence that a petitioner submits to demonstrate its constitutional standing, this court would be required to provide for the development of a factual record on the issue. *See* ORS 1.160 (providing that, "[w]hen jurisdiction is, by the Constitution or by statute, conferred on a court or judicial officer, all the means to carry it into effect are also given; and in the exercise of the jurisdiction, if the course of proceeding is not specifically pointed out by the procedural statutes, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of the procedural statutes"). As the city and PeaceHealth correctly assert, that approach has the potential to tax limited judicial resources and to delay the resolution of land use cases. Regardless, we cannot exercise our judicial power if a petitioner lacks constitutional standing. Further, the potential problems that the city and PeaceHealth recognize may be avoided if the parties demonstrate their constitutional standing during their appearance before the initial decision-maker and if petitioners include citations to the pertinent portions of the record in the statement of the case in the opening brief, as we suggested in *Doty* and *Milne*. Moreover, we anticipate that, because of the added expense and the delay in the resolution of a judicial review that will result from disputing a petitioner's evidence concerning standing, respondents will act only when necessary and will not raise frivolous challenges.

■    In sum, a petitioner on judicial review may demonstrate his or her constitutional standing in two ways. First, when the petitioner was before the local decision-maker, he or she may have put into the record evidence of constitutional standing. In that case, and at this point, the petitioner can demonstrate his or her constitutional standing to the court by simply citing to the pertinent portions of the record in the statement of the case in the opening brief.[3] Second, if the petitioner did not establish his or her constitutional standing

---

[3] We note, however, that a proposed amendment to the Oregon Rules of Appellate Procedure specifies a new procedure for identifying *in the petition for judicial*

before the initial decision-maker, the petitioner may submit such evidence for the first time on judicial review. If a petitioner demonstrates his or her constitutional standing by referring to evidence in the record before the initial decision-maker, it will obviate any need for the petitioner to submit evidence concerning that issue for the first time on judicial review.

We grant CHOICES's request to submit additional information regarding its constitutional standing. CHOICES's submission must be filed within 14 days following the date of issuance of this opinion. The city and PeaceHealth may respond to CHOICES's submission within 14 days thereafter.

Request to submit affidavits granted.

---

*review* evidence in the record that demonstrates a petitioner's constitutional standing and a new procedure for submitting evidence of constitutional standing *with the petition for judicial review*. If adopted, the new rule will be effective in January 2005.