Argued and submitted August 3; on respondent's motion to strike supplemental brief and supplemental excerpt of record filed September 4, and appellant's response to respondent's motion to strike filed September 14, motion to strike supplemental brief denied; affirmed March 19, 2008

## In the Conservatorship of Lea Helmig, Protected Person.

## Lester HELMIG, *Appellant,*

*v.*

## FARLEY, PIAZZA & ASSOCIATES, *Respondent.*

Clackamas County Circuit Court
P041208; A128014

218 P3d 622

M. Elizabeth Duncan argued the cause for appellant. With her on the briefs was Green & Markley, P.C.

Brooks F. Cooper argued the cause for respondent. On the brief were James R. Cartwright and Matthew Whitman.

Before Edmonds, Presiding Judge, and Wollheim and Sercombe, Judges.

WOLLHEIM, J.

**WOLLHEIM, J.**

In this proceeding for the appointment of a conservator under ORS 125.400, appellant Lester Helmig appeals from the probate court's appointment of respondent Farley, Piazza & Associates as professional conservator for appellant's mother, Lea Helmig. On *de novo* review, ORS 19.415, we affirm.

In 1991, Lea created and placed all her assets in a revocable trust. She appointed herself as trustee and appellant as alternate trustee. She and both of her children, including appellant, are the beneficiaries of the trust. Lea had the right to receive income from the trust as she requested it and as needed for her care. She received social security income outside of the trust.

In 2004, Lea, who was then age 89, was a resident of a care facility in Clackamas County, Oregon. Appellant maintained Lea's checkbook and was responsible for paying her bills. Appellant was repeatedly delinquent in payment of care facility rent and incurred late fees. Lea's telephone was disconnected for nonpayment of bills. Concerned that Lea's financial matters were being neglected, the care facility consulted with Clackamas County Adult Protective Services regarding the possibility of the appointment of a conservator. An investigator for Clackamas County Adult Protective Services' long-term care ombudsman visited with Lea and determined that Lea was delusional and unable to manage her own finances. After being contacted by Clackamas County's long-term care ombudsman, respondent, a professional fiduciary, contracted with a registered nurse who provides consulting services and client assessments and who, with the permission of Lea's attorney, conducted an evaluation of Lea for cognitive function. In the nurse's opinion, Lea was severely impaired and unable to manage her finances.

Respondent filed a petition seeking its appointment as conservator for Lea. After a January 2005 hearing, the probate court found, pursuant to ORS 125.400, that Lea was financially incapable and that she had money or property in need of management or protection. The court appointed respondent as conservator. Appellant filed this appeal,

asserting that the probate court erred in appointing a conservator, because the revocable trust controls how trust assets are to be handled in the event of Lea's incapacity.

In September 2006, respondent notified this court that Lea had died after the filing of the notice of appeal. On our own motion, we dismissed the appeal as moot. On appellant's request, we reconsidered our ruling and reinstated the appeal. At oral argument, the parties and the court revisited the question whether the death of Lea rendered the appeal moot. We asked the parties for supplemental briefing on the questions whether the appeal was moot and, if not, whether respondent had standing to file a petition for the appointment of a conservator.

Appellant filed a supplemental brief and excerpt of record, which respondent moved to strike as nonresponsive and as providing materials outside the record. We deny respondent's motion, but have disregarded those portions of the brief and excerpt of record that are nonresponsive to our request and that include information outside the record.

■ On reconsideration of the question of mootness, we adhere to our ruling that the appeal is not moot. Although the death of a protected person terminates the authority of the conservator to act as a fiduciary, ORS 125.230(1), the conservator still has responsibilities under the statutes to pay claims against the estate, ORS 125.495, account to the court for the administration of the protected estate, ORS 125.475 (2003),[1] and deliver the assets of the protected person to the personal representative or other persons entitled to the estate of the decedent. ORS 125.530. The conservator may be discharged only by order of the court, after a final report or accounting has been approved by the court. ORS 125.230(2). We conclude, for those reasons, that Lea's death did not render moot the question whether the probate court erred in appointing respondent as conservator.

■ We also readily conclude that the petition and the record show that respondent, having been requested to file a petition by the Clackamas County Adult Protective Services' long-term care ombudsman, was a person "interested in the

---

[1] ORS 125.475 was amended by Oregon Laws 2005, chapter 123.

affairs or welfare" of Lea, with standing under ORS 125.010 to seek the appointment of a conservator. ORS 125.010 provides that "any person who is interested in the affairs or welfare of a respondent" may file a petition for appointment of a fiduciary. The word "interested" is not defined in the statutes. The common meaning of the term, as defined in *Webster's Third New Int'l Dictionary* 1178 (unabridged ed 2002), is "having a share or concern in some affair or project[.] * * * INVOLVED."

We note, further, that ORS 125.240 expressly authorizes the appointment as conservator of a "professional" fiduciary, which is defined as "any person nominated as a fiduciary or serving as a fiduciary who is acting at the same time as a fiduciary for three or more protected persons who are not related to the fiduciary." ORS 125.240(5). The petition must state the professional fiduciary's qualifications and the circumstances that led to the involvement of the professional fiduciary. ORS 125.240(1).

The hearing record reveals that a staff member of Lea's care facility contacted Clackamas County Adult Protective Services when she developed concerns that appellant was not properly managing Lea's finances. After Clackamas County's investigation revealed that Lea was not able to manage her own finances, Clackamas County contacted respondent, who then determined through an independent evaluation that Lea lacked the ability to manage her own finances. The petition alleged that respondent filed the petition at the request of Clackamas County Adult Protective Services. We conclude that the record is sufficient to show that respondent became "involved" in this matter by virtue of the request of Clackamas County Adult Protective Services, and was therefore a "person interested in the affairs and welfare" of Lea and authorized by ORS 125.010 to seek its appointment as a conservator.

■ On the merits of the petition, we find, on *de novo* review, that the evidence is clear and convincing that, at the time of the hearing, Lea was unable to manage her own

finances and that she had money or property in need of management. ORS 125.400.[2]

At oral argument, appellant conceded that Lea was unable to effectively manage her financial resources. That concession is appropriate. Several witnesses evaluated Lea, and all agreed that Lea was unable to manage her finances.

ORS 125.400 also requires that Lea have property in need of management. Appellant argues that Lea had "no property outside of the trust that requires management or protection." Appellant's argument is not persuasive. First, Lea received social security income, which was not part of the trust. Second, she was the owner of the trust and a beneficiary. It is true, as appellant points out, that the trust defined "incapacity" and described how that determination was to be made. It is also true that the trust designated appellant as successor trustee if Lea became incapacitated. However, the provisions of the trust regarding Lea's capacity as trustee cannot preclude a statutory proceeding under ORS chapter 125 for the protection of Lea as an individual. There is clear and convincing evidence that Lea's beneficiary interest in the trust was not being properly managed. The trust was responsible for paying Lea's rent and telephone bill. Those bills were not paid timely, resulting in the assessment of late fees and the disconnection of Lea's telephone.

Finally, appellant argues that Lea was a private person who would have objected to strangers making decisions for her welfare in the event of her incapacity, as evidenced by the fact that she made express provisions in her trust for such circumstances. The court is sensitive to appellant's point that the wishes of the protected person must be considered. *See, e. g., Grimmett v. Brooks*, 193 Or App 427, 89 P3d 1238 (2004) (considering protected person's wishes but upholding probate court's appointment of conservator). We agree that there is

---

[2] ORS 125.400 provides:

"Upon the filing of a petition seeking the appointment of a conservator, the court may appoint a conservator and make other appropriate protective orders if the court finds by clear and convincing evidence that the respondent is a minor or financially incapable, and that the respondent has money or property that requires management or protection."

evidence that Lea was a private person. However, the evidence also establishes that Lea needed a conservator to manage her property. Contrary to the appellant's suggestion, appointment of a conservator did not affect the terms of Lea's revocable trust, which remains intact, or her estate plan. We therefore affirm the trial court's appointment of respondent as conservator.

Motion to strike supplemental brief denied; affirmed.