LAGESEN, J.
*307 As we explain, state and local changes in law and policy regarding Oregon's evolving legal marijuana industry have overtaken this declaratory judgment appeal and cross-appeal, such that they no longer present a justiciable controversy. We therefore dismiss both.
The City of Cave Junction filed this declaratory judgment action to resolve a perceived conflict between the city's then-current business licensing requirements and the Oregon Medical Marijuana Act (OMMA). The city's municipal code generally requires businesses operating in the city to obtain a license and further requires licensees to conduct their businesses in a manner that comports with municipal, state, and federal laws. Cave Junction Municipal Code (CJMC) §§ 5.04.070 (C), 5.04.080, 5.04.100. The requirement of federal law compliance, if enforced, poses an obstacle to the marijuana businesses allowed under Oregon law. That is because, with narrow exception, the cultivation, possession, and distribution of marijuana remains illegal under the federal Controlled Substances Act (CSA), notwithstanding Oregon's decision to decriminalize and formally regulate the marijuana industry. See 21 USC §§ 841(a), 844(a) ; United States v. McIntosh , 833 F.3d 1163, 1179 n.5 (9th Cir. 2016). As the United States Court of Appeals for the Ninth Circuit recently reiterated in a case addressing the intersection of competing federal and state marijuana laws,
"[t]he CSA prohibits the manufacture, distribution, and possession of marijuana. Anyone in any state who possesses, distributes, or manufactures marijuana for medical or recreational purposes (or attempts or conspires to do so) is committing a federal crime."
McIntosh , 833 F.3d at 1179 n.5.[1]
Concerned that granting business licenses to medical marijuana dispensaries could jeopardize the city's access to federal grant funds and potentially expose city officials to federal criminal liability, the city initiated this declaratory judgment action to clarify its obligations in light of the conflicting federal and state marijuana laws. Specifically, the city sought a declaration that House Bill (HB) 3460 (2013), codified at former ORS 475.314 (2013), renumbered as ORS 475B.450 (2015), and Senate Bill (SB) 1531 (2014), amending former ORS 475.314 (2013), were preempted by the CSA and, for that reason, did not displace the city's authority to require business licensees, including marijuana businesses, to comply with federal law, even *308 though such compliance is impossible under current federal law.[2] In so doing, the city acknowledged that the state law provisions at issue preempted its authority to prohibit medical marijuana dispensaries otherwise authorized by state law, but contended that federal law displaced state law.
In response, the state agreed that HB 3460 and SB 1531, together with Senate Bill (SB) 863 (2013), codified at ORS 633.738, preempted the city's authority to preclude state-registered marijuana facilities from possessing and transferring marijuana in a manner that complies with state law. However, the state disputed that federal law displaced state law and requested a declaration to that effect.
The League of Oregon Cities and the Association of Oregon Counties (intervenors) intervened and filed their own declaratory judgment complaint. Disagreeing with both the city and the state, intervenors asserted that HB 3460, SB 1531, and SB 863, alone or together, did not preempt the city's requirement that licensed businesses comply with federal law. Intervenors sought a declaration that HB 3460, SB 863, and SB 1531 "do not preempt local authority to regulate or prohibit dispensaries." Alternatively, intervenors requested a declaration that, "[i]f the court finds that HB 3460, SB 863, or SB 1531 in any way preempt local authority to regulate or prohibit dispensaries at any time, * * * such preemption is in conflict with and, in turn, preempted by federal law."
On cross-motions for summary judgment, the trial court agreed with the intervenors, concluding that HB 3460, SB 863, and SB 1531 did not preempt local governmental authority to prohibit medical marijuana dispensaries otherwise authorized under state law. Accordingly, it entered the following declaration:
"2013 Oregon House Bill 3460 (2013 Oregon Laws, Chapter 726, primarily codified as ORS 475.314 ), 2013 Senate Bill 863 (2013 Oregon Laws, Special Session, Chapter 4, primarily codified as ORS 633.738 ), 2014 Senate Bill 1531 (2014 Oregon Laws, Chapter 79), and any combination of those state laws, do not preempt city or county authority to prohibit ORS 475.314 medical marijuana facilities (commonly known as dispensaries)."
The city appealed and the state cross-appealed. Both assign error to the trial court's determination that HB 3460, SB 863, and SB 1531 do not preempt local authority to prohibit medical marijuana dispensaries, although their positions diverge from there. The city also contends, as it did below, that those three measures are preempted by the federal CSA to the extent those state-law provisions preclude the city from enforcing its requirement that business licensees comply with federal law against marijuana dispensaries. The state reiterates its opposing view, asserting that federal law does not displace the state's authority to prohibit local governments from banning marijuana dispensaries otherwise authorized by state law.
However, as the parties all acknowledge, neither state nor municipal law has remained static in the time since the trial court entered its declaration. On the contrary, two significant changes in the law have occurred, each of which has been addressed by supplemental briefing by the parties at our request.[3]
First, the legislature amended state law to give local governments the express authority to prohibit medical
marijuana dispensaries. Specifically, in 2015, the legislature passed House Bill (HB) 3400 (2015), Oregon Laws 2015, chapter 614. That bill, as aptly described by the state, "substantially reworked the approach to local bans on medical marijuana dispensaries under the Oregon Medical *309 Marijuana Act." Among other things, section 134 of the bill authorizes local governments to enact bans on medical marijuana dispensaries, subject to the approval of the local electors. Or. Laws 2015, ch. 614, § 134 (codified at ORS 475B.800 (2015) ).[4] Thus, regardless of the potential preemptive effect
of HB 3460, SB 1531, and SB 863 before the passage of HB 3400, it is now clear that cities and counties generally have the authority to enact ordinances prohibiting medical marijuana dispensaries, provided they do so in a way that complies with HB 3400.
Second, the city has changed its approach to medical marijuana dispensaries. It no longer bans them. Instead, the city has enacted municipal code provisions governing the licensing of marijuana businesses, including medical marijuana dispensaries. CJMC chapter 5.18. The new provisions expressly permit a licensed marijuana business to "own and/or operate a marijuana related business within the city notwithstanding the provisions of Cave Junction Municipal Code 5.04, et seq. " CJMC 5.18.030. That is, the city explicitly has exempted marijuana businesses from the city's general business licensing requirement requiring compliance with federal law. As a result, that general licensing requirement no longer impedes the operation of medical marijuana dispensaries within the city.
Those two significant changes mean this appeal no longer presents a justiciable *310 controversy. An appeal becomes moot when a decision "will no longer have a practical effect
on the rights or obligations of a party." State v. Walraven, 282 Or.App. 649, 654, 385 P.3d 1178 (2016). The specific issue presented by this appeal is whether the trial court erred when it declared that HB 3460, SB 1531, and SB 863, alone or together, did not preempt local governmental authority to prohibit medical marijuana dispensaries. Resolution of that particular issue will not have a practical effect on the city because the city no longer seeks to prohibit medical marijuana dispensaries. Instead, it has enacted code provisions affirmatively allowing them to operate. In addition, with respect to all parties, resolution of the issue would be purely advisory at this point. Given that HB 3400 substantially changed the law regarding local governmental authority to ban medical marijuana dispensaries, whether or not the trial court was right to conclude that, prior to the enactment of HB 3400, HB 3460, SB 1531, and SB 863 did not displace local governmental authority to prohibit medical marijuana dispensaries, is no longer of any real consequence. See Reid v. DCBS , 235 Or.App. 397, 401, 232 P.3d 994 (2010) (concluding that challenge to administrative rule was moot when rule was no longer in existence because, at that point, question of rule's validity was "abstract" and "without practical effect").
The state acknowledges that this matter is moot. Although the city has not done so expressly, as noted earlier, it did not respond to our second request for supplemental briefing about its new ordinance allowing for the licensing of marijuana businesses. That suggests that the city also does not consider this appeal to present a live controversy, in view of its new approach to marijuana businesses.
Intervenors contend that this appeal is not moot. Although they acknowledge that the city's change in law means that the appeal is moot as to the city, they contend that intervenors and the state are still embroiled in a justiciable dispute. Specifically, intervenors contend that the appeal presents the question of whether state law generally preempts general business ordinances requiring compliance with federal law. They further contend that resolution of that issue could have a practical effect on some of their member cities and counties, as well as the state. Intervenors point to the fact that the City of Fairview and the City of Redmond
both have business licensing ordinances that require businesses to comply with federal law, and argue that we should resolve whether ordinances such as those are displaced by current state law. Alternatively, intervenors, relying on Couey v. Atkins, 357 Or. 460, 355 P.3d 866 (2015), argue that we should exercise our prudential discretion to consider the issue.
We disagree for two reasons. First, this appeal does not raise the broad legal issue that intervenors claim it does. The declaration that intervenors sought in their complaint-and successfully obtained from the trial court-is much narrower. In particular, intervenors' complaint specifically sought a declaration "that HB 3460, SB 863, and SB 1531 do not preempt local authority to regulate or prohibit dispensaries," and that is the declaration entered by the trial court. It is the correctness of that precise and fairly narrow declaration that the appeal and cross-appeal have put at issue before us. But, as noted, the significant changes that HB 3400 made to the law have rendered academic the resolution of that issue about the preemptive effect of prior state law. To the extent that we have the discretion to resolve the specific issue presented nonetheless, we decline to exercise that discretion. There is no reason to think that resolution of whether or not prior state law preempted the city's now inapplicable business licensing ordinance, or ones like it, will have a concrete effect on anybody, let alone on the parties before us.
Second, even if this appeal could be construed to raise the issue of whether current state law displaces local governmental authority to require businesses, including marijuana businesses, to comply with federal law, the state contends, and we agree, that the issue is not ripe for our review. Although intervenors point to the fact that two cities have such licensing requirements, they have not demonstrated that there is a live dispute about whether current state law preempts local governmental authority to *311 require businesses, including marijuana businesses, to comply with federal law. That is, intervenors have not shown that either city intends to enforce such a licensing requirement prospectively without enacting a local ban on dispensaries as permitted by HB 3400, or even that those cities currently
view that licensing requirement as applicable to marijuana businesses. See Barcik v. Kubiaczyk , 321 Or. 174, 186-87, 192-93, 895 P.2d 765 (1995) (requiring proponent of justiciability to establish the presence of a justiciable controversy). Absent such a demonstration, intervenors have not met their burden of demonstrating that there is a current live controversy as to that issue. For that reason, we decline to reach it in this appeal, assuming that it could be considered to be properly before us notwithstanding the narrower scope of the pleadings and the trial court's ruling.
In sum, changes in both state and local law have rendered moot the question of whether the trial court was correct to declare that HB 3460, SB 1531, and SB 863 do not preempt local governmental authority to prohibit medical marijuana dispensaries. The issue of the extent to which current state law preempts local governmental authority to require businesses, including marijuana businesses, to comply with federal law is not presented by the pleadings in this case or implicated by the declaration entered by the trial court and, in any event, no party has demonstrated that that issue presents a current justiciable controversy, such that it is ripe for our review. For those reasons, we dismiss the appeal and the cross-appeal.
Appeal and cross-appeal dismissed.

In McIntosh , the court concluded that a congressional appropriations rider prohibiting the expenditure of federal funds to prevent states from implementing their own medical marijuana laws precluded the United States Department of Justice from prosecuting federal marijuana offenses against defendants whose conduct was authorized by state medical marijuana laws. 833 F.3d at 1168, 1179. The court cautioned that the appropriations rider did not operate to decriminalize the cultivation, possession, or distribution of marijuana under federal law, and that Congress could change its mind "tomorrow" about whether to authorize the expenditure of funds to prosecute participants in medical marijuana operations authorized by state law for violations of the CSA. Id.

The various state and local enactments to which this opinion refers are lengthy. Because their specific content ultimately is immaterial to our decision, we do not set forth their content in this opinion, except as needed to explain their effect.

With each intervening change in law, we requested supplemental briefing from the parties. All parties submitted supplemental briefing addressing the first change in law-the effect of House Bill (HB) 3400 (2015) on the justiciability of this appeal. Only the state and the intervenors submitted supplemental briefing addressing the second change in law-the city's enactment of provisions authorizing the licensing of medical marijuana dispensaries. The city did not respond to that request.

ORS 475B.800 (2015), amended by Or. Laws 2016, ch. 24, § 31, and Or. Laws 2017, ch. 183, § 28, provided:
"(1) The governing body of a city or county may adopt ordinances to be referred to the electors of the city or county as described in subsection (2) of this section that prohibit or allow the establishment of any one or more of the following in the area subject to the jurisdiction of the city or the unincorporated area subject to the jurisdiction of the county:
"(a) Marijuana processing sites registered under ORS 475B.435 ;
"(b) Medical marijuana dispensaries registered under ORS 475B.450 ;
"(c) Marijuana producers licensed under ORS 475B.070 ;
"(d) Marijuana processors licensed under ORS 475B.090 ;
"(e) Marijuana wholesalers licensed under ORS 475B.100 ;
"(f) Marijuana retailers licensed under ORS 475B.110 ; or
"(g) Any combination of the entities described in this subsection.
"(2) If the governing body of a city or county adopts an ordinance under this section, the governing body shall submit the measure of the ordinance to the electors of the city or county for approval at the next statewide general election.
"(3) If the governing body of a city or county adopts an ordinance under this section, the governing body must provide the text of the ordinance:
"(a) To the Oregon Health Authority, in a form and manner prescribed by the authority, if the ordinance concerns a medical marijuana dispensary registered under ORS 475B.450 or a marijuana processing site registered under ORS 475B.435 ; or
"(b) To the Oregon Liquor Control Commission, if the ordinance concerns a premises for which a license has been issued under ORS 475B.070, 475B.090, 475B.100 or 475B.110.
"(4)(a) Upon receiving notice of a prohibition under subsection (3) of this section, the authority shall discontinue registering those entities to which the prohibition applies until the date of the next statewide general election.
"(b) Upon receiving notice of a prohibition under subsection (3) of this section, the commission shall discontinue licensing those premises to which the prohibition applies until the date of the next statewide general election.
"(5) Notwithstanding any other provisions of law, a city or county that adopts an ordinance under this section that prohibits the establishment of an entity described in subsection (1) of this section may not impose a tax or fee on the production, processing or sale of marijuana or any product into which marijuana has been incorporated.
"(6) Notwithstanding subsection (1) of this section, a medical marijuana dispensary is not subject to an ordinance adopted under this section if the medical marijuana dispensary:
"(a) Is registered under ORS 475B.450 on or before the date on which the governing body adopts the ordinance; and
"(b) Has successfully completed a city or county land use application process.
"(7) Notwithstanding subsection (1) of this section, a marijuana processing site is not subject to an ordinance adopted under this section if the marijuana processing site:
"(a) Is registered under ORS 475B.435 on or before the date on which the governing body adopts the ordinance; and
"(b) Has successfully completed a city or county land use application process."
In addition, to the above provision, Oregon Laws 2015, chapter 614, section 133, also provided a separate, temporary mechanism for cities and counties to enact bans on medical marijuana dispensaries in counties in which 55 percent of the votes cast were against Ballot Measure 91 (2014). See Or. Laws 2015, ch. 614, § 133.