PER CURIAM
*170 Defendant appeals two amended judgments that were entered in this criminal case. He assigns error to the trial court's entry of those judgments without notice to defendant, without a hearing, and without obtaining a waiver of any kind from defendant. We vacate and remand.
A judgment convicting defendant of three counts of first-degree sodomy and imposing sentences on those counts was entered in 1999. That judgment imposed a single term of post-prison supervision (PPS) and $5,400 in restitution. In 2014, the trial court entered an amended judgment, which is not at issue in this appeal. In November 2016, the court entered a second amended judgment, which imposed separate PPS terms on each of the three counts. The court did not notify defendant or provide defendant an opportunity to be present before doing so. In December 2016, the court entered a third amended judgment, which incorporated the changes from the second amended judgment, and changed the recipient of the restitution. Again, the court did not provide notice to defendant or the opportunity to be present.
Defendant had statutory and constitutional rights to be present for the pronouncement of judgment. State v. Jacobs , 200 Or.App. 665, 672-73, 117 P.3d 290 (2005). The state concedes that the sentencing court did not provide the written notice required by former ORS 138.083(1), repealed by Or. Laws 2017, ch. 529, § 26, and that the error requires correction. We agree and accordingly vacate the second and third amended judgments and remand.[1]
Second and third amended judgments vacated and remanded.

In this appeal, defendant argues only that the trial court erred by entering the amended judgments without providing notice and the opportunity for defendant to be present. He does not argue that the trial court lacked authority to alter the terms of his sentences at all, see, e.g. , State v. DeCamp , 158 Or.App. 238, 973 P.2d 922 (1999) ("A trial court's power to modify a sentence ends when that sentence has been 'executed.' "), and we express no opinion on that matter.