Argued and submitted May 6, vacated and remanded June 3, petition for review allowed September 17, 2020 (367 Or 75)
See later issue Oregon Reports

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RANDALL JAY KRAGT,
*Defendant-Appellant.*

Yamhill County Circuit Court
CR99474; A168649

467 P3d 830

John L. Collins, Judge.

Kyle Krohn, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

PER CURIAM

Vacated and remanded.

**PER CURIAM**

Defendant appeals an amended judgment of conviction for three counts of first-degree sodomy entered after a remand from this court in a prior appeal. *See State v. Kragt*, 290 Or App 169, 412 P3d 275 (2018). All of defendant's convictions are for sex offenses subject to the post-prison supervision (PPS) requirements of ORS 144.103. At issue are the terms of PPS imposed on each count. The trial court imposed 180 months' PPS on the first count and 140 months' PPS on each of the two remaining counts. Defendant contends that these terms of PPS are erroneous in two respects. One of defendant's arguments is foreclosed by our case law, but the other is one on which defendant is entitled to relief.

For one, defendant argues that ORS 144.103 required the trial court to impose a single unified term of PPS, rather than separate terms on each conviction. As defendant acknowledges, that is a contention we previously rejected in *Norris v. Board of Parole*, 237 Or App 1, 238 P3d 994 (2010), *rev den*, 350 Or 130 (2011), and *Delavega v. Board of Parole*, 222 Or App 161, 194 P3d 159 (2008), and we are not persuaded that we should overrule that line of authority.

Defendant also contends that the trial court erred by imposing determinate terms of PPS. That is because, for certain sex offenses subject to ORS 144.103, including the offenses committed by defendant, ORS 144.103 requires the imposition of an indeterminate term of PPS, to be computed by the Board of Parole and Post-Prison Supervision once the amount of time a defendant actually spent incarcerated is known:

> "Except as otherwise provided in ORS 137.765 and subsection (2) of this section, any person sentenced to a term of imprisonment for [committing or attempting to commit specified sex offenses] shall serve a term of active post-prison supervision that continues until the term of the post-prison supervision, when added to the term of imprisonment served, equals the maximum statutory indeterminate sentence for the violation."

ORS 144.103(1); *see also State v. Burch*, 134 Or App 569, 573, 896 P2d 10 (1995) (explaining the nature of the PPS term required under ORS 144.103). The state concedes that

the terms of PPS imposed by the trial court should have been indeterminate under ORS 144.103(1), but argues that we should not correct any error because, in the state's view, the determinate terms imposed do not prejudice defendant because, if anything, they might be too short.

We are not persuaded by the state's harmlessness argument. In view of ORS 144.103(1), the trial court lacked authority to impose determinate terms of PPS; it only had the authority to impose indeterminate terms. Where a judgment contains a provision that the trial court lacked authority to impose, we long have reversed and remanded for entry of a judgment that comports with the trial court's scope of authority. *See, e.g.*, *State v. Potter*, 108 Or App 480, 481, 816 P2d 661 (1991) (vacating term of judgment addressing conditions of incarceration, because trial courts lack authority to impose conditions of incarceration). In other words, being subject to a judgment term that a trial court lacked the authority to impose is a cognizable harm to a defendant. We therefore vacate and remand for the trial court to enter a judgment that comports with ORS 144.103.

Vacated and remanded.