Argued and submitted March 17, affirmed May 3, on petitioners petition for reconsideration filed May 16, on respondent's response to petition for reconsideration filed May 23, reconsideration allowed by opinion July 12, 2023
See 327 Or App 25, 533 P3d 392 (2023)

# RANDALL J. KRAGT,
*Petitioner,*

*v.*

## BOARD OF PAROLE AND
## POST-PRISON SUPERVISION,
*Respondent.*

Board of Parole and Post-Prison Supervision
A163421

529 P3d 1019

Petitioner seeks review of a final order of the Board of Parole and Post-Prison Supervision. He challenges the board's calculation of the end dates of his PPS terms for three different convictions. Due to another pending matter, this review proceeding was held in abeyance for most of five years. Upon reactivation, petitioner moved to file an amended opening brief, which was denied, but the parties were allowed to file supplemental briefs. In his supplemental brief, petitioner raised a new constitutional argument that he had not made to the board or in his opening brief. *Held*: The Court of Appeals rejected the arguments in petitioner's opening brief as not well taken. As for the new constitutional issue raised in the supplemental brief, the Court of Appeals declined to consider that issue, because it was not raised in the opening brief, and petitioner had not been granted permission to raise a distinct new issue in the supplemental brief that could have been raised in the opening brief.

Affirmed.

Kyle Krohn, Deputy Public Defender, argued the cause for petitioner. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Jonathan N. Schildt, Assistant Attorney General, argued the cause for respondent. Also on the briefs were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Aoyagi, Presiding Judge, and Joyce, Judge, and Jacquot, Judge.

AOYAGI, P. J.

Affirmed.

## AOYAGI, P. J.

This case requires us to consider the proper uses of a "supplemental brief" in this court. Whereas our court rules and case law are clear about the requirements for opening briefs and the limitations on reply briefs, we have said relatively little about supplemental briefs, beyond mentioning them in a few court rules and occasionally acknowledging in an opinion that supplemental briefs were filed. Here, as described below, we conclude that petitioner exceeded the permissible scope of the supplemental brief that he was given leave to file, when he raised a new constitutional challenge to the order on review. We therefore decline to address that new argument, and we reject petitioner's other arguments. Accordingly, we affirm.

The relevant facts are entirely procedural. Petitioner was convicted of three counts of sodomy in 1999. On Count 1, he was sentenced to 60 months' imprisonment, plus post-prison supervision (PPS) for a term of 20 years less time served. On Count 3, he was sentenced to 100 months' imprisonment, concurrent with Count 1, plus a PPS term of 20 years less time served. On Count 5, he was sentenced to 100 months' imprisonment, consecutive to Count 3, plus a PPS term of 20 years less time served.

Petitioner was released from prison in 2016. He seeks judicial review of a final order of the Board of Parole and Post-Prison Supervision that established the end dates for his PPS terms as April 22, 2031 (Count 1) and December 21, 2027 (Counts 3 and 5). The board issued the challenged order in 2016, and petitioner timely sought review, but this case was held in abeyance for most of five years while a direct criminal appeal was litigated, and it has only recently been reactivated.

In his opening brief, which was filed back in 2018, petitioner challenges the board's order, making three arguments as to how the board erred in calculating his PPS end dates. Each of those arguments has become nonviable, for one reason or another, with the passage of time. The first argument is based on the language of the sentencing judgment and is no longer viable because, after petitioner filed his opening brief, the trial court entered an amended

sentencing judgment that changed the relevant language. The second argument is that petitioner should have been sentenced to a single PPS term, rather than three separate PPS terms. That issue was decided against petitioner in *State v. Kragt*, 304 Or App 537, 467 P3d 830 (2020) (*Kragt II*), *aff'd*, 368 Or 577, 495 P3d 1233 (2021) (*Kragt III*), which was petitioner's direct appeal of the aforementioned amended judgment.[1] The third argument, made alternatively to the second argument, is that we should overrule precedent and hold that a person begins to serve the PPS term on an individual count immediately upon completing the prison term for that count, even if the person is still in prison on another count. We rejected that argument in *Kragt II*.

After the Supreme Court issued its decision in *Kragt III*, this case was reactivated. As part of his motion to reactivate the case, petitioner requested to file an amended opening brief so that he could omit the arguments that were no longer viable and revise the remaining arguments in light of *Kragt II* and *Kragt III*. The board agreed that reactivation was appropriate, but it opposed allowing an amended opening brief, instead asking us to allow supplemental briefs "to address the appellate decisions resolving petitioner's direct criminal appeal and the trial court's issuance of a fifth amended judgment." The board explained that its "principal concern with petitioner's request to withdraw the existing briefing is that he will raise new, distinct assignments of error." The board argued that this case was "held in abeyance because resolution of the direct criminal appeal could affect this court's analysis of petitioner's *existing* challenge to the board's order, not so that petitioner could raise an entirely new challenge to that order once the criminal appeal was resolved." (Emphasis in original.)

We denied petitioner's request to file an amended opening brief. However, we allowed petitioner 21 days to file a supplemental brief, up to 12 pages in length, if he wished, and we allowed the board 21 days to file a supplemental

_____

[1] Except for a few months in 2018 (during which the opening brief was filed), this case was held in abeyance from May 2017 until May 2022, while petitioner's appeal of the amended sentencing judgment was litigated. That litigation concluded with the Supreme Court's decision in *Kragt III*.

brief in response, up to 12 pages in length, if it wished. Our order did not expressly address the permissible scope of the supplemental briefing that was being allowed.

Petitioner filed a supplemental brief. He acknowledges that the arguments that he made in his opening brief are no longer viable, given what has occurred since that brief was filed in 2018.[2] Most of petitioner's supplemental brief is dedicated to a new argument that "ORS 144.103(1) violates Article I, section 16, [of the Oregon Constitution] when applied to a person convicted of multiple offenses because it arbitrarily extends the PPS term and more harshly punishes less serious offenses." The thrust of petitioner's new argument is that it is unconstitutional to require him to serve his longest PPS term on the conviction for which he received the shortest prison sentence, for reasons analogous to vertical disproportionality. Petitioner admits that he did not make that argument to the board or in his opening brief on judicial review.

The board responds in its own supplemental brief that petitioner's new constitutional challenge to the board's order is "unpreserved, procedurally improper, and fails on the merits in any event." On the middle point, the board contends that we should not consider petitioner's constitutional argument because it was not raised in the opening brief and was improper to raise in the supplemental brief. At oral argument, both parties expounded on their views as to what is and is not appropriate to raise in a supplemental brief in this court, both generally and in this case in particular.

It is therefore necessary for us to first address whether it was proper for petitioner to raise a new constitutional argument in his supplemental brief, as that will determine whether we address that argument on the merits. We begin with an overview of the use of supplemental briefs in this court.

_____

[2] To be precise, in his supplemental brief, petitioner asserts that "some, but not all" of the arguments in his opening brief have been invalidated by intervening events, and he specifically identifies one statutory argument as still live. However, at oral argument, he acknowledged that we rejected the same statutory argument in *Kragt II*.

Supplemental briefs are little mentioned in the Oregon Rules of Appellate Procedure. ORAP 5.55(5) provides generally that, if we give an appellant leave to file a supplemental brief after the filing of the answering brief, the respondent may file a supplemental brief addressing the issues in the appellant's supplemental brief; such a brief is due within 21 days per ORAP 5.80(2). ORAP 4.35(6) allows a party seeking judicial review of an agency order to file a supplemental brief in one specific situation: If the agency withdraws its order for reconsideration after the petitioner has filed an opening brief, the petitioner may proceed on the original opening brief or may file a supplemental brief. ORAP 5.90(3) applies only to criminal cases in which court-appointed counsel has filed a *Balfour* brief, and it provides for the filing of supplemental briefs to address any arguably meritorious issues that the court or counsel has identified. And ORAP 5.92 allows a party who is represented by court-appointed counsel and dissatisfied with counsel's brief to move for leave to file a supplemental *pro se* brief. The only other rules that mention supplemental briefs are ORAP 5.05(1)(f), which limits a supplemental brief to five pages, unless otherwise ordered by the court, and ORAP 5.05(1)(d) and ORAP 16.15(1), which except *pro se* supplemental briefs from certain certification and formatting requirements.

It is apparent from their limited treatment in the court rules that supplemental briefs are largely a matter of court discretion, both in terms of when we will allow them and what they may address. We therefore turn to our case law, which provides some guidance on those issues. Of course, our case law mostly identifies instances in which we have allowed supplemental briefing, as there is usually no reason to mention that a request for supplemental briefing was denied.

The most common situation in which we allow supplemental briefing as a matter of discretion is when something significant has changed since the opening brief was filed. We sometimes want the parties' input on how new developments affect their existing arguments. *See, e.g.*, *Northwest and Intermountain Power Producers v. PGE*, 308 Or App 110, 114-15, 480 P3d 981 (2020) (noting that we requested supplemental briefing regarding a newly promulgated administrative

rule); *Rains v. Stayton Builders Mart, Inc.*, 289 Or App 672, 678, 410 P3d 336 (2018) (noting that we allowed supplemental briefing regarding new Supreme Court case law); *City of Cave Junction v. State of Oregon*, 289 Or App 216, 220, 410 P3d 306 (2017) (noting that we requested supplemental briefing regarding recent changes in federal and state marijuana law); *Helmig v. Farley, Piazza & Associates*, 218 Or App 622, 624-25, 180 P3d 749, *rev den*, 345 Or 301 (2008) (noting that we requested supplemental briefing as to whether the death of the person for whom conservatorship was sought rendered the appeal moot).

Or, if the law has materially changed since the filing of the opening brief, we may find good cause to allow the appellant to file a supplemental brief to raise a new assignment of error that was previously unavailable. *See State v. Perez-Cardenas*, 305 Or App 309, 311, 471 P3d 158 (2020) ("Although an assignment of error should be asserted in a party's opening brief, ORAP 5.45(1), the rule may be waived for good cause under ORAP 1.20(5). In *State v. Williams*, 366 Or 495, 466 P3d 55 (2020), the court concluded that the significant change in the law announced in *Ramos* constituted good cause for waiver of the general rule."). In recent years, for example, we have allowed criminal defendants to file supplemental briefs to add new assignments of error claiming plain error under *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020) (regarding nonunanimous jury verdicts), *State v. Owen*, 369 Or 288, 505 P3d 953 (2022) (regarding mental-state requirements for crimes), and *State v. Hubbell*, 314 Or App 844, 847-48, 500 P3d 728 (2021), *rev allowed*, 369 Or 504 (2022) (overruling *State v. Boyd*, 92 Or App 51, 756 P2d 1276, *rev den*, 307 Or 77 (1988), regarding attempted delivery of controlled substances).

There are also idiosyncratic reasons that may cause us to allow supplemental briefing in a particular case. For example, in *Larisa's Home Care, LLC v. Nichols-Shields*, 297 Or App 219, 223, 441 P3d 613 (2019), we allowed the parties to file supplemental briefs to respond to an *amicus curiae* brief. And in *Friends of Eugene v. City of Eugene*, 195 Or App 20, 22, 96 P3d 1256 (2004), we allowed supplemental briefing after the petitioner requested at oral argument to submit affidavits demonstrating his constitutional standing.

Finally, we sometimes request supplemental briefing on specific questions, where the parties' existing briefing has put an issue in play, but we want additional briefing on one or more points. *See, e.g.*, *Dorn v. Three Rivers School Dist.*, 306 Or App 103, 110, 473 P3d 122 (2020) (noting our request for supplemental briefing on several procedural issues); *State v. McCarthy*, 305 Or App 658, 659, 473 P3d 74 (2020) (noting our request for supplemental briefing on the reviewability of a judgment signed by the trial court collection clerk rather than a judge); *Schwartz and Battini*, 289 Or App 332, 341 n 5, 410 P3d 319 (2017) (noting our request for supplemental briefing on a legal issue of first impression, specifically regarding the tests used in other jurisdictions).

We make several observations about supplemental briefs based on our review of the applicable rules and existing case law. First, when a party requests to file a supplemental brief, the party should clearly state the reasons for the request and what the party wants to address in the supplemental brief, including notifying the court if the party intends to raise a new assignment of error or make a distinct new argument on an existing assignment of error. That allows the other party to clearly identify any objections to the request. The parties' positions necessarily inform our expectations for supplemental briefing, if allowed, and may also prompt us to include language in the order regarding the permitted scope. Second, when we ask *sua sponte* for supplemental briefing, we will normally identify what the briefing should address, and we expect parties to write their briefs accordingly. Third, if an appellant wants to raise a belatedly identified assignment of error or distinctly new argument that was not included in the opening brief *but could have been*,[3] it is generally more appropriate to request leave to file an amended opening brief than a supplemental brief, at least before the answering brief has been filed.

We return to the present case. This case is unusual in that it was held in abeyance for an extremely long

---

[3] We mean to refer to a situation where the late addition of an assignment of error or distinct argument is not due to a change in the law or comparable intervening event but, instead, reflects a realization that something was missed in preparing the opening brief or a more general reassessment of what should have been raised in the opening brief.

time—most of five years—during which time all of the arguments made in petitioner's opening brief ceased to be viable due to the trial court entering an amended judgment, our decision in *Kragt II*, and the Supreme Court's decision in *Kragt III*. We expect appellate counsel to make choices as to which issues to raise and which arguments to make in an opening brief, and it is understandable that counsel might want to revisit those choices if the legal landscape changes in a material way during the pendency of an appeal.

At the same time, in petitioner's motion and the board's response, both parties did a good job of laying out their intentions regarding additional briefing, which informs how our order allowing supplemental briefing should be read. Faced with the board's concern that petitioner might raise a new assignment of error or "an entirely new challenge" to the board's order if he was allowed to file an amended opening brief, we denied petitioner's request to file an amended opening brief and instead allowed the parties to file supplemental briefs. It is also significant that petitioner never indicated in his motion that, given the unique circumstances of this case, he wanted the opportunity to raise new issues that could have been raised earlier. Had he done so, we would have considered that request and addressed it in our order. Because he did not, and given the board's position, our order can only be understood as allowing petitioner to file a supplemental brief to describe the effect of intervening events and case law on his *existing* arguments, while precluding him from raising new assignments of error or entirely new challenges to the board's order.

We therefore conclude that petitioner exceeded the permissible scope of the supplemental brief that he was given leave to file, when he raised an entirely new constitutional challenge to the board's order on review, and we decline to address that new argument. To the extent that they have not been withdrawn, we reject the arguments contained in the opening brief, which are no longer viable for the reasons previously discussed. Accordingly, we affirm.

Affirmed.