On petitioner's petition for reconsideration filed May 16, on respondent's response to petition for reconsideration filed May 23; opinion filed May 3, 325 Or App 688, 529 P3d 1019; reconsideration allowed, former opinion adhered to July 12; petition for review allowed November 2, 2023  (371 Or 511) See later issue Oregon Reports

# RANDALL J. KRAGT,
*Petitioner,*

*v.*

# BOARD OF PAROLE AND POST-PRISON SUPERVISION,
*Respondent.*

## Board of Parole and Post-Prison Supervision A163421

### 533 P3d 392

After losing his post-conviction appeal, petitioner sought reconsideration of the Court of Appeals' cost award to the Board of Parole and Post-Prison Supervision as the prevailing party. Petitioner argued that the court should exercise its discretion under ORS 20.310(1) to disallow costs, because petitioner has court-appointed counsel and is therefore necessarily indigent. Alternatively, petitioner argued that the court is required to make a record of its reasons for awarding costs, as a discretionary decision. *Held*: The court granted reconsideration and adhered to its former opinion. ORS 20.310(1) provides that the Court of Appeals "shall allow costs and disbursements to the prevailing party," unless otherwise proscribed by statute, or unless the court directs otherwise. As such, it is only the disallowance of costs that involves the exercise of discretion. In this case, costs were allowed in the ordinary course, and nothing in the petition for reconsideration persuaded the court that it should vary its normal practice of awarding costs to the prevailing party in a post-conviction appeal, including appeals in which the non-prevailing party has court-appointed counsel.

Reconsideration allowed; former opinion adhered to.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kyle Krohn, Deputy Public Defender, Office of Public Defense Services, for petition.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jonathan N. Schildt, Assistant Attorney General, for response.

Before Aoyagi, Presiding Judge, and Joyce, Judge, and Jacquot, Judge.

AOYAGI, P. J.

Reconsideration allowed; former opinion adhered to.

**AOYAGI, P. J.**

Petitioner seeks reconsideration of our decision in *Kragt v. Board of Parole*, 325 Or App 688, 529 P3d 1019 (2023), asking that we reconsider our award of costs to the board as the prevailing party. Analogizing to *Gutierrez v. Board of Parole*, 319 Or App 525, 509 P3d 194, *rev den*, 370 Or 197 (2022), petitioner argues that we should exercise our discretion to disallow costs, because we decided his appeal on procedural grounds, rather than the merits, and because petitioner has court-appointed counsel and is therefore necessarily indigent. Alternatively, petitioner argues that we are required to make a record of the reasons for the cost award, as a discretionary decision, and he asks us to make that record. The state's response is limited to pointing out that *Gutierrez* is distinguishable. We allow reconsideration and adhere to our former opinion.

ORS 20.310(1) provides that "[i]n any appeal to the Court of Appeals \*\*\*, the court *shall allow costs and disbursements to the prevailing party*, unless a statute provides that in the particular case costs and disbursements shall not be allowed to the prevailing party or shall be allowed to some other party, or *unless the court directs otherwise*." (Emphases added.) It is only when we affirmatively direct that costs will not be allowed that we are exercising discretion. We endeavor to be consistent in exercising that discretion. We may decide that costs generally should be disallowed in a particular type of case. Otherwise, a decision to disallow costs in an individual case will necessarily be based on the individual circumstances of that case.

Because the statute provides that we generally "shall" allow costs, we do not believe that we are required to explain allowing costs in the ordinary course—that is, when we are *not* exercising our discretion to disallow costs. Of course, we could choose to explain allowing costs, but there is little reason to do so where, as here, the parties did not address costs in their briefing. A party may raise the issue on reconsideration, but it should be noted that it is not our practice to explain decisions to deny reconsideration.

As for the present case, having granted reconsideration to address petitioner's alternative argument, we also will address his request that we exercise our discretion to disallow costs. This case is not comparable to *Gutierrez*, because that appeal was dismissed as moot. *Gutierrez*, 319 Or App at 526; *see also DeYoung/Thomas v. Board of Parole*, 332 Or 266, 276, 27 P3d 110 (2001) (recognizing that "appellate courts may decline to award costs to the prevailing party in cases of dismissal, for reasons of fairness or otherwise"). This appeal was decided on the merits, except insofar as one argument was rejected as having been raised too late. *Kragt*, 325 Or App at 689 (declining to address petitioner's new constitutional argument and rejecting his other arguments). Moreover, a cost award is not meant to penalize the losing party for a lawyer's fervent advocacy, which sometimes includes testing procedural boundaries or making novel arguments. Allowing costs is the statutory default under ORS 20.310(1), so cost awards must be understood as simply a cost of litigation. Finally, consistent with the statute, we normally award costs to the prevailing party in a post-conviction appeal. We are unpersuaded that anything about this case warrants treating it differently from other post-conviction appeals involving court-appointed counsel.

Reconsideration allowed; former opinion adhered to.