64                  June 4, 2025                  No. 488

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

CHRISTOPHER MICHAEL WALKER,
*Petitioner,*

*v.*

BOARD OF PAROLE AND
POST-PRISON SUPERVISION,
*Respondent.*

Board of Parole and Post-Prison Supervision
A182353

On petitioner's petition for reconsideration filed January 9, 2025. Opinion filed December 26, 2024. 337 Or App 177.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kyle Krohn, Deputy Public Defender, Oregon Public Defense Commission, for petition.

Before Tookey, Presiding Judge, Lagesen, Chief Judge, and Kamins, Judge.

KAMINS, J.

Reconsideration allowed; former opinion adhered to.

**KAMINS, J.**

Petitioner seeks reconsideration of our decision in *Walker v. Board of Parole*, 337 Or App 177 (2024) (nonprecedential memorandum opinion), asking that we reconsider our award of costs to the board as the prevailing party. He advances two arguments: (1) that we should disallow costs because petitioner raised a nonfrivolous claim, and he is indigent; and (2) that ORS 20.190(1)(a), which imposes a $100 prevailing party fee, violates the Justice Without Purchase Clause of Article I, section 10, of the Oregon Constitution.[1] We allow reconsideration and adhere to our opinion.

In his first argument, petitioner contends that, because he "raised a nonfrivolous claim and is indigent," we should exercise our discretion to disallow costs. *See* ORS 20.310(1) (providing that in "any appeal to the Court of Appeals * * *, the court shall allow costs and disbursements to the prevailing party * * * unless the court directs otherwise"). For the same reasons explained in *Kragt v. Board of Parole*, we decline to exercise our discretion to disallow costs. 327 Or App 25, 27, 533 P3d 392 (2023) (observing that imposing a cost award to the prevailing party when the appeal was decided on the merits is the "statutory default" and that a prevailing cost award "must be understood simply as a cost of litigation" not meant to "penalize the losing party").

In his second argument, petitioner contends that the prevailing party fee violates the Justice Without Purchase Clause of Article I, section 10, of the Oregon Constitution, which provides that "justice shall be administered, openly and without purchase[.]" Petitioner argues that ORS 20.190's imposition of a prevailing party fee award violates that clause because it conditions "a person's access to the court on the mandatory imposition of a fee without regard to" a person's finances.

The Justice Without Purchase Clause was adopted to "prohibit (1) the procurement of legal redress through bribery and other forms of improper influence; and (2) the

---

[1] Article I, section 10, of the Oregon Constitution provides that "[n]o court shall be secret, but justice shall be administered, openly and without purchase, completely and without delay, and every man shall have remedy by due course of law for injury done him in his person, property, or reputation."

judicial imposition of fees and costs in amounts so oner- ous as to unreasonably limit access to the courts." *Allen v. Employment Dept.*, 184 Or App 681, 688, 57 P3d 903 (2002). ORS 20.190(1)(a)'s imposition of a cost award to a prevail- ing party does not fall within the protection of the Justice Without Purchase Clause for two reasons.

First, the imposition of the prevailing party fee is inconsistent with the "purchase" of any particular result. *See, e.g., Allen*, 184 Or App at 688 (explaining that "'purchase' of justice suggests that" the constitutional Clause "bars the procurement of legal redress by such means as paying money for a particular outcome"). By definition, a prevailing party fee can only be imposed *after* a party prevails in litigation; the fee itself cannot procure a particular result prior to any litigation. *See Bradley v. Dept. of Forestry*, 262 Or App 78, 107, 324 P3d 504, *rev den*, 355 Or 879 (2014) (concluding that "the payment of reasonable attorney fees and costs by the peti- tioner, regardless of the outcome, is not a 'purchase' within the meaning of that constitutional provision"). That is, a party cannot "purchase justice" utilizing the prevailing party fee. *See Allen*, 184 Or App at 688 (upholding court filing fees that are recoverable from the losing party; a structure that is inconsistent with the "purchase" of any particular result").

Second, to violate the Justice Without Purchase Clause, the fee must be "exorbitant"; that is the fee is "so onerous as to unreasonably limit access to the courts." *Bradley*, 262 Or App at 107 (internal quotation marks omit- ted). Petitioner does not advance an argument as to why the $100 prevailing party fee is exorbitant; rather, his argument turns on the fact that he is indigent. However, nothing in the Justice Without Purchase Clause mandates consideration of each individual's financial circumstance prior to imposing a nonexorbitant prevailing party fee. *Cf. id.* (upholding large attorney fee award because "[u]nlike exorbitant filing fees, the amount of an attorney-fee award varies depending on the nature of the parties' disputes and is not determined until the end of the proceeding").

Accordingly, on reconsideration, we adhere to the imposition of the fee award of $100 on petitioner.

Reconsideration allowed; former opinion adhered to.