Argued and submitted November 30, 2021, appeal dismissed as moot
January 5, 2022

In the Matter of F. T.,
a Youth.
STATE OF OREGON,
*Respondent,*

*v.*

F. T.,
*Appellant.*

Multnomah County Circuit Court
18JU02916;
Petition Number 180320105;
A173252 (Control), A173806

503 P3d 1281

Youth appeals the juvenile court's order committing her to the Oregon Youth Authority for placement in a youth correction facility to serve time for both a Class A and Class B misdemeanor. Youth argues that the juvenile court erred because ORS 420.011 prohibits a youth from serving time in a youth correction facility for a Class B misdemeanor. As youth acknowledges, her commitment period of 388 days has ended, rendering this appeal moot. Youth argues that this case nevertheless qualifies for judicial review under ORS 14.175 because it is capable of repetition and is likely to evade review. *Held*: Because this practice would not be likely to evade review if presented in a case where a youth had been adjudicated for a felony and a Class B misdemeanor, the requirements under ORS 14.175 are not met.

Appeal dismissed as moot.

Patricia L. McGuire, Judge.

Christa Obold Eshleman and Youth, Rights & Justice filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jonathan N. Schildt, Assistant Attorney General, filed the brief for respondent.

Before Kamins, Presiding Judge, and Lagesen, Chief Judge, and Landau, Senior Judge.

KAMINS, P. J.

Appeal dismissed as moot.

**KAMINS, P. J.**

Youth appeals the juvenile court's order committing her to the Oregon Youth Authority for placement in a youth correction facility to serve time for both a Class A and Class B misdemeanor. Youth argues that the juvenile court erred because ORS 420.011 prohibits a youth from serving time in a youth correction facility for a Class B misdemeanor. As youth acknowledges, her commitment period of 388 days has ended, rendering this appeal moot. Youth argues that this case nevertheless qualifies for judicial review under ORS 14.175 because it is capable of repetition and is likely to evade review. Because we conclude that the requirements under ORS 14.175 are not met, we dismiss the appeal as moot.[1]

When determining whether to address the merits of a moot appeal pursuant to ORS 14.175, we must first determine whether the appeal satisfies the requirements of ORS 14.175, and, if so, whether to exercise our discretion to consider it. *Penn v. Board of Parole*, 365 Or 607, 613, 451 P3d 589 (2019). With regard to the requirements set out by ORS 14.175, the parties agree that ORS 14.175(1) and (2) are satisfied because youth had standing and the challenged act is capable of repetition. The dispute is whether this is a practice that is "likely to evade judicial review in the future." ORS 14.175(3). Youth contends that the maximum period of commitment for a Class B misdemeanor when attached to a Class A misdemeanor is only 18 months, an insufficient amount of time to achieve appellate review. *See* ORS 419C.501(1)(c), (d) (providing a six-month maximum for a

---

[1] ORS 14.175 provides:

"In any action in which a party alleges that an act, policy or practice of a public body, as defined in ORS 174.109, or of any officer, employee or agent of a public body, as defined in ORS 174.109, is unconstitutional or is otherwise contrary to law, the party may continue to prosecute the action and the court may issue a judgment on the validity of the challenged act, policy or practice even though the specific act, policy or practice giving rise to the action no longer has a practical effect on the party if the court determines that:

"(1) The party had standing to commence the action;

"(2) The act challenged by the party is capable of repetition, or the policy or practice challenged by the party continues in effect; and

"(3) The challenged policy or practice, or similar acts, are likely to evade judicial review in the future."

Class B misdemeanor and a 364-day maximum for a Class A misdemeanor). Additionally, youth argues that the average length of stay for all youths in a youth correction facility is shorter than the average duration of an appeal. Accordingly, a youth with the average length of stay or shorter would be released before obtaining appellate review, and thus the issue is likely to evade review.

The state responds that the question of whether time related to a Class B misdemeanor can be served in a youth correction facility is not limited to youths who have been adjudicated only for misdemeanors. The state points out that the question could arise for youths who have been adjudicated for both felonies and Class B misdemeanors. Because felonies have a maximum commitment period of five years or greater, those appeals would not be likely to evade review. *See* ORS 419C.501(1)(e)-(g) (providing a maximum commitment period of five to 20 years for youths adjudicated of felonies other than murder).

We agree with the state. To determine whether an issue is "likely to evade review," the question is not whether a person in youth's same circumstances would also fail to obtain appellate review, but "whether the general type or category of challenge at issue is likely to evade being fully litigated." *Eastern Oregon Mining Association v. DEQ*, 360 Or 10, 17, 376 P3d 288 (2016). The question presented in this case is not limited to youths who have been adjudicated solely for Class A and Class B misdemeanors, nor is it applicable only to youths serving the average length of time in a correction facility. It appears unlikely that this issue would evade review if presented in a case where a youth had been adjudicated for both a felony and a Class B misdemeanor.

Because the requirements of ORS 14.175 are not satisfied, we cannot reach the merits of this now moot case.

Appeal dismissed as moot.