Argued and submitted February 28, 2020; petition for judicial review dismissed February 16; petitioner's petition for reconsideration filed March 1 and respondent's response filed March 14 allowed by opinion May 11, 2022 See 319 Or App 525, 509 P3d 194 (2022)

ANTONIO ALEJANDRO GUTIERREZ,
*Petitioner,*

*v.*

BOARD OF PAROLE AND
POST-PRISON SUPERVISION,
*Respondent.*

Board of Parole and Post-Prison Supervision
A168255

506 P3d 1129

Petitioner, who was found guilty of murder, ORS 163.115 (Count 1), and second-degree assault, ORS 163.175 (Count 2), in 1985, seeks judicial review from a 2017 order of the Board of Parole and Post-Prison Supervision that denied petitioner's request for an interim hearing of a 10-year deferment of release to parole. The board had previously deferred his release to parole due to petitioner suffering from a present severe emotional disturbance (PSED) that constituted a threat to the health or safety of the community. In June 2021, the board held an exit interview, and, again, found that petitioner suffered from a PSED that constituted a threat to the health or safety of the community. The board deferred petitioner's parole release for two years. Because the board held that exit interview, it filed a motion to dismiss on the ground that petitioner's petition for judicial review is moot. Petitioner argues that this case is not moot and, even if it is, that the Court of Appeals should exercise its discretion to review a moot case under ORS 14.175, which allows the court, at its discretion, to review moot cases when certain requirements have been met. *Held*: Petitioner's case was moot because the only relief petitioner would be entitled to is an exit interview, which he had already received. The court declined to exercise its discretion to review the case.

Petition for judicial review dismissed.

Stacy Du Clos, Deputy Public Defender, argued the cause for petitioner. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services. Antonio A. Gutierrez filed the supplemental and reply brief *pro se.*

Jeff J. Payne, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Tookey, Presiding Judge, and Egan, Judge, and Aoyagi, Judge.*

EGAN, J.

Petition for judicial review dismissed.

_____

* Egan, J., *vice* Armstrong, S. J.

**EGAN, J.**

Petitioner, who was found guilty of murder, ORS 163.115 (Count 1), and second-degree assault, ORS 163.175 (Count 2), in 1985, seeks judicial review from a 2017 order of the Board of Parole and Post-Prison Supervision that denied petitioner's request for an interim hearing of a 10-year deferment of release to parole. The board had previously deferred his release to parole due to petitioner suffering from a present severe emotional disturbance (PSED) that constituted a threat to the health or safety of the community. In June 2021, the board held an exit interview, and, again, found that petitioner suffered from a PSED that constituted a threat to the health or safety of the community. The board deferred petitioner's parole release for two years. Because the board held that exit interview, it filed a motion to dismiss on the ground that petitioner's petition for judicial review is moot. We agree, and, accordingly, we dismiss the petition for judicial review as moot.

The following facts are uncontested and mostly procedural. In 1985 petitioner was sentenced to an indeterminate sentence of life in prison on Count 1, with the possibility of parole. As for Count 2, petitioner's sentence was set for an indeterminate period of time to be not less than five years, but not to exceed 10 years, which would run consecutive to Count 1.

In March 1986, the board set a release date of April 22, 2000. In January 1991, after a positive recommendation from the Department of Corrections, the board advanced petitioner's release date to December 22, 1999. In 1998, the board conducted an exit interview with petitioner and found that he had a PSED that constituted a danger to the health and safety of the community, and the board deferred petitioner's release date for 24 months. Subsequently, four more exit interviews were conducted between the year 2000 and 2009, deferring his release date for successive two-year periods.

In May 2011, the board, again, found that petitioner had a PSED that constituted a danger to the health and safety of the community and deferred petitioner's release.

Unlike previously, the board found that it would not be reasonable to expect petitioner to be granted a release date sooner than 10 years, and, therefore, the board set its next review hearing for May 2021.

Between May 2011 and 2021, petitioner requested an interim hearing three times. The board denied those requests. As relevant here, the third request for an interim hearing was denied on the basis that petitioner did not "meet his burden of producing evidence sufficient to convince the [b]oard that an interim hearing [was] warranted" and remarked that petitioner had received a September 2016 disciplinary report.

Petitioner contested the board's conclusion, arguing that (1) that conclusion was not supported by substantial evidence, (2) the procedure violated due process because it relied on vague standards, and (3) the board violated its own rules. The board denied relief, as relevant to petitioner's argument on judicial review, relying on the criteria set out in OAR 255-062-0021 and OAR 255-062-0016 in determining that it was not reasonable to expect that petitioner would be granted a release date before 2021.

Petitioner seeks judicial review of that decision, assigning two errors. First, petitioner asserts that the board erred when it denied petitioner's request for an interim hearing. Second, petitioner asserts that the board erred in applying an incorrect standard in determining whether to grant petitioner an interim hearing.

Since petitioner sought judicial review of that decision, the board held another exit interview in 2021 under ORS 144.125, and, again, found that petitioner suffers from a PSED that constituted a danger to the health and safety of the community. Consequently, the board deferred petitioner's parole release for two years. The board then filed a motion to dismiss asserting that because "the board held an exit interview, his current challenge to the denial of his interim hearing request is moot."

We begin with the board's argument that this case is moot. "Determining mootness is one part of the broader

question of whether a justiciable controversy exists." *Brumnett v. PSRB*, 315 Or 402, 405, 848 P2d 1194 (1993). "One question in that analysis, * * * the question at issue here, is whether the court's decision in the matter will have some practical effect on the rights of the parties." *Dept. of Human Services v. A. B.*, 362 Or 412, 419, 412 P3d 1169 (2018) (internal quotation marks omitted). "The burden rests with the party moving for dismissal to establish that a case is moot." *State v. K. J. B*, 362 Or 777, 785, 416 P3d 291 (2018).

> "The moving party's burden includes the burden of establishing that any collateral consequences either do not exist or are legally insufficient. That does not mean that the moving party is required to imagine all possible collateral consequences and then disprove each of them. Rather, when the moving party takes the position that a case has become moot, the responding party must identify any collateral consequences that he or she contends has the effect of producing the required practical effects of a judicial decision. At that point, the moving party must demonstrate that any of those identified collateral consequences either does not exist or is legally insufficient."

*Id.* at 786 (internal citations omitted). "It will be up to the appellate court to determine the existence and significance of those effects or consequences and to decide, as a prudential matter, whether an appeal is moot." *A. B.*, 362 Or at 426. As we have observed, "in order to prevent a case from being considered moot, a collateral consequence must be something beyond mere speculation," that is, "a collateral consequence must have a significant probability of actually occurring; a speculative or merely possible effect is not enough." *Johnson v. Premo*, 302 Or App 578, 592, 461 P3d 985, *rev den*, 366 Or 569 (2020) (internal quotation marks omitted).

Petitioner, relying on *Jones v. Board of Parole*, 283 Or App 650, 659, 391 P3d 831, *rev den*, 361 Or 543 (2017), argues that his petition for judicial review is not moot because "to postpone a petitioner's release date, the board must establish that a valid statutory reason for postponement exists (or existed) *prior to*" that postponement. (Emphasis added.) Thus, "the evidence on which the board relies" to postpone a petitioner's release "must have existed and been sufficient prior to the release date." *Id.* at

660.[1] In making that assertion, petitioner argues that the board could not uphold petitioner's confinement between 2017 and 2021 by merely pointing to its 2021 decision because the 2021 decision does not "retroactively justify the board's denial of petitioner's interim request."

The board argues that petitioner does not establish a collateral consequence to prevent mootness because petitioner has received the only relief to which he may have been entitled—an exit interview. At the outset, we reject petitioner's argument that his judicial review is not moot because the court cannot retroactively justify his denial. That is, as the board argues, that the only relief to which petitioner would be entitled has already occurred. In coming to that conclusion, an understanding of the procedure pursuant to ORS 144.280 is necessary.

When, as here, "the board grants a prisoner a hearing that is more than two years from the date parole is denied, the prisoner may submit a request for an interim hearing." ORS 144.280(2). Then, "[i]f the board finds, based upon a request for an interim hearing, that there is reasonable cause to believe that the prisoner may be granted parole, the board shall conduct a hearing as soon as is reasonably convenient." ORS 144.280(2). After that hearing, "the board shall issue a final order." ORS 144.280(3). That order "shall be accompanied by findings of fact and conclusions of law. The findings of fact shall consist of a concise statement of the underlying facts supporting the findings as to each contested issue of fact and as to each ultimate fact required to support the board's order." ORS 144.280(3).

With that procedural process noted, instructive on whether this case is moot is *Janowski / Fleming v. Board of Parole*, 349 Or 432, 245 P3d 1270 (2010). In *Janowski / Fleming*,

---

[1] Petitioner concedes that *Jones* involves a different context than what petitioner asserts on judicial review. Unlike in *Jones*, this case does not involve a direct challenge to the board's prior PSED finding and deferment in 2011. Rather, this case involves the denial of petitioner's request for an interim hearing. The board, likewise, concedes that petitioner is correct that it cannot rely on the 2021 psychological evaluation and the resulting PSED finding to retroactively find that petitioner had a PSED in 2019. Accordingly, we assume without deciding that the 2021 psychological evaluation, which aided the board in its 2021 finding that petitioner had a PSED, may not be used in determining whether petitioner had a PSED in 2017.

the Supreme Court observed that, under ORS 144.125(1) (1985), the exit interview that one of the inmates requested was to take place "prior to the *scheduled* release" of the prisoner, and that the board had not yet scheduled a valid release date. *Id.* at 459 (emphasis partially omitted). The court anticipated that the board would conduct a hearing "in the immediate future" to set that inmate's release date, and that, because the date for his release had passed, the release date would "be set in the near future." *Id.* at 456, 459. Once the board had done so, the court noted, it would have an opportunity to conduct an exit interview to determine whether there were any grounds for postponing his release. *Id.* at 459.

Although this case is slightly different from *Janowski / Fleming*, in that case, as here, petitioner was seeking an interim review, as described in ORS 144.125(3) and ORS 144.280, for the board to determine whether there was "reasonable cause to believe that the prisoner *may* be granted parole." That case stands for the proposition that when a valid release date has not been set, the relief that a petitioner may be granted is an exit interview "in the immediate future." Thus, here, petitioner sought an interim hearing so that he would have the possibility for an exit interview. Petitioner, however, has received an exit interview, like in *Janowski / Fleming*, "prior to [his] scheduled release" date. *See also Wille v. Board of Parole*, 287 Or App 709, 718-19, 404 P3d 1042 (2017) (concluding that when the petitioner in that case "received the murder review hearing that he contends he should have received earlier" the issue was moot because he received the only relief to which he was entitled). Petitioner's argument that had he received an earlier hearing the result might have been different, here, is too speculative. Petitioner has failed to identify any nonspeculative collateral consequence. Accordingly, we conclude that petitioner's case is moot.[2]

---

[2] To the extent that petitioner argues that we may not look at the board's 2021 decision to conclude that this case is moot, we disagree. As previously stated, petitioner "must identify any collateral consequence" that he contends has "the effect of producing the required practical effects of a judicial decision." *K. J. B*, 362 Or at 786. After that, we review whether the board has "establish[ed] that any [identified] collateral consequences either do not exist or are legally insufficient." *Id*. Here, petitioner would not have any remedy aside from getting a hearing, which is what he has already had.

However, that does not end our inquiry. We have discretion to review the merits of moot issues of public importance if they are capable of repetition and likely to evade review. *See Couey v. Atkins*, 357 Or 460, 463, 355 P3d 866 (2015) (holding that cases involving issues of public interest that are "likely to evade judicial review under the standard set out in ORS 14.175" are justiciable even if they are moot). Under ORS 14.175, we may decide a moot challenge to an act of a public body or official if "(1) the party that commenced the action had standing to commence it, (2) the challenged act *** is capable of repetition, and (3) the challenged act is likely to evade judicial review in the future." *Harisay v. Atkins*, 295 Or App 493, 496, 434 P3d 442 (2018), *aff'd sub nom Harisay v. Clarno*, 367 Or 116, 474 P3d 378 (2020).

Here, petitioner argues that we should exercise our discretion as the requirements of ORS 14.175 have been met. The board concedes, and we accept, that the first two requirements of ORS 14.175 have been met. However, the board argues, and we agree, that this issue is not likely to evade judicial review in the future. To determine whether an issue is "likely to evade review," the question is not whether a person in petitioner's same circumstances would also fail to obtain appellate review, but "whether the general type or category of challenge at issue is likely to evade being fully litigated." *See State v. F. T.*, 316 Or App 772, 774, 503 P3d 1281 (2022) (stating such). To support that the general type of category of challenge at issue here is unlikely to evade review, the board cites several cases of the general type or category of challenge, in which we reviewed the merits of the claim. We agree with the state that demonstrated instances of our actual review of the general type or category of challenge at issue support the position that a challenge is not likely to evade review. Nevertheless, we need not address that issue because we decline to exercise our discretion to review this case. Here, assuming, without deciding, that similar cases may evade review, the likelihood that review would be evaded in this court is not so great as to justify our exercise of discretion. *See Rogue Advocates v. Board of Comm. of Jackson County*, 362 Or 269, 272-73, 407 P3d 795 (2017) (declining to exercise the Supreme Court's discretion to review moot cases under ORS 14.175 because the

"likelihood that a circuit court ruling denying jurisdiction in circumstances similar to these will evade review in this court is not so great as to justify [its] exercise of discretion").

Petition for judicial review dismissed.