On petitioner's petition for reconsideration filed March 1, and respondent's response filed March 14; reconsideration allowed, former opinion (317 Or App 552, 506 P3d 1129) modified and adhered to as modified May 11; petition for review denied July 28, 2022 (370 Or 197)

ANTONIO ALEJANDRO GUTIERREZ,
*Petitioner,*

*v.*

BOARD OF PAROLE
AND POST-PRISON SUPERVISION,
*Respondent.*

Board of Parole and Post-Prison Supervision
A168255

509 P3d 194

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Stacy M. Du Clos, Deputy Public Defender, Office of Public Defense Services, for petition.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jeff J. Payne, Assistant Attorney General, for response.

Before Tookey, Presiding Judge, and Egan, Judge, and Aoyagi, Judge.

PER CURIAM

Reconsideration allowed; former opinion modified and adhered to as modified.

**PER CURIAM**

Petitioner seeks reconsideration of our opinion in *Gutierrez v. Board of Parole*, 317 Or App 552, 506 P3d 1129 (2022), in which we concluded that the case was moot and, as a part of that decision, allowed costs to the Board of Parole and Post-Prison Supervision (board) as the designated prevailing party. *See* ORAP 13.05(3) (stating that the respondent is the prevailing party, unless we reverse or substantially modify the judgment or order from which the appeal or judicial review was taken). Pursuant to ORAP 6.25(1)(c), petitioner requests that we modify the opinion to eliminate the cost award to the board.[1]

In *DeYoung v. Board of Parole*, 332 Or 266, 27 P3d 266 (2001), the Supreme Court stated that "appellate courts may decline to award costs to the prevailing party in cases of dismissal, for reasons of fairness or otherwise." *See also* ORS 20.310(1) ("In any appeal to the Court of Appeals *** the court shall allow costs and disbursements to the prevailing party, *** unless the court directs otherwise."). The board, as the prevailing party, concedes that we should decline to award costs here for two reasons—first, because we dismissed petitioner's case as moot and did not address the merits, and second, because of petitioner's indigent status and limited resources. We accept the board's concession and modify the disposition to delete the award of costs.

Reconsideration allowed; former disposition modified and adhered to as modified.

---

[1] Petitioner also argues that, if we award costs to the board, we should also reconsider whether petitioner's case is moot, because an award of costs "may have a practical effect on the rights of the parties." Given our resolution, we need not address that argument.